## ST. LOUIS CHARCOAL COMPANY, Respondent, v. FINDLEY J. MOORE, Appellant.

### St. Louis Court of Appeals, December 2, 1913.

1. **CORPORATIONS:** Misapplication of Corporate Funds: Liability of Payee. One who takes the check of a corporation in payment of a personal obligation of an officer thereof is charged with notice of the character of the paper, and if the corporation's funds are thereby misapplied and it suffers a loss therefrom, it may recover from the person accepting the same.

2. ———: ———: ———: Sufficiency of Evidence. In an action by a corporation to recover the amount of checks wrongfully drawn on its account by one of its officers and accepted by defendant in payment of the officer's private obligation, evi-

dence *held* to establish that, before the action was brought, plaintiff corporation had received back more than the amount wrongfully appropriated by the officer, so that it suffered no loss from the transaction, and hence it was not entitled to recover.

3. CORPORATIONS: Capital Stock: Agreement as to Payment: Estoppel. Where, by an agreement of all the stockholders, property is transferred to the corporation in payment of the capital stock, which is issued as fully paid and nonassessable, the corporation is estopped, as against the stockholders, to claim that the stock was not fully paid for.

4. CONFUSION OF GOODS: Application of Doctrine. The doctrine of title by confusion of goods was not applicable to give a corporation title to an officer's personal funds, on the ground that he had deposited his money with that of the corporation, where the accounts of the corporation and the officer were afterwards separated and the parties struck a settlement.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED.

*M. T. Farrow* for appellant.

The court erred in rendering judgment for plaintiff and in refusing defendant's instruction 6 and 7; because (a) The petition only charged defendant as having wrongfully received plaintiff's cash, and does not seek in any way to charge him as a holder of, or as otherwise connected with, its capital stock; (b) Under plaintiff's own testimony Smith was not and is not indebted to it unless he be charged with said stock subscription of $5100; and, (c) Under all the evidence said stock was issued as fully-paid, and plaintiff is thereby estopped in this proceeding to claim otherwise. Hill v. Coal & M. Co., 124 Mo. 153; 1 Cook Corp., 4 Ed., 95, 96; Arkansas, etc. Co. v. Farmers' L. & T. Co., 13 Colo. 587; 2 Clark & M. Priv. Corp., 1223; 10 Cyc. 467. (d) Plaintiff had no corporate existence, *de facto* or *de jure,* prior to November 2, 1908; and even if

Smith had misused or misapplied funds paid to him by his copromoters, or breached any trust or contract existing between them, plaintiff cannot complain thereof or found any rights thereon, particularly as against defendant. Hill v. Gould, 129 Mo. 106; Furniture and Carpet Co., v. Crawford, 127 Mo. 356; 1 Clark & M. Priv. Corp., 249; Bank v. Rockfeller, 195 Mo. 15. (e) Even if the rule stated in paragraph 3, supra, were otherwise, defendant could not be affected thereby, not being a stockholder in any sense. Union Savings Assn. v. Seligman, 92 Mo. 635; Burgess v. Seligman, 107 U. S. 20; Trust Co. v. McMillan, 188 Mo. 547.

*Taylor R. Young* for respondent.

(1) The judgment of the trial court ought to be affirmed. St. Louis Charcoal Company v. Lewis, 154 Mo. App. 550; Rochester v. Paviour, 164 N. Y. 281; Lee v. Smith, 84 Mo. 304; Kitchen v. Teasdale, 105 Mo. App. 463. (2) The court properly refused all of the appellant instructions. Directors of a corporation may not give away funds belonging to it. St. Louis Charcoal Co. v. Lewis, 154 Mo. App. 550; Frankfort Bank v. Johnson, 24 Me. 490. (3) Even though the appellant should be correct in his contention that his secret intention was not to pay for his stock at the time he deposited funds in the bank of the respondent's corporation, but rather intended that these deposits should be and were made for the purpose of taking care of company checks used by him in the payment of his personal obligations, still this is no defense to this action on the theory of title by confusion, Smith having made no record; and having no knowledge of what was and what was not personal funds belonging to him which he deposited in the name of the company, but confused them, if they were intended by him to be used in the payment of his own debts, with company funds, which belonged to it, in such manner as to be unable to identify the same. 8 Cyc., p. 571.

ALLEN, J.—This is an action to recover from defendant the sum of $240, being the proceeds of three checks issued in plaintiff's corporate name and received by defendant in a transaction had by the latter with the then president of plaintiff company. It is charged that defendant accepted the checks, cashed the same and retained the proceeds thereof, knowing that they had been wrongfully drawn upon the corporate funds of plaintiff by its president, without authority, in payment of the latter's private obligations.

The suit was begun before a justice of the peace, where plaintiff had judgment. A trial *de novo* in the circuit court, had before the court without a jury, again resulted in a judgment for plaintiff, and the defendant appeals.

Plaintiff company, located in the city of St. Louis, was incorporated on or about November 2, 1908, with an authorized capital stock of $10,000, divided into one hundred shares, of the par value of $100 each. One Geo. E. Smith took an active part in promoting it, and became its first president. The record contains much evidence respecting the details of the launching of the enterprise and the promotion and organization of the corporation, which need not be here stated. In brief it appears that Smith, for himself and his uncle, contributed $2500 to the company's capital; that another person contributed a like amount, and still another contributed $2000. It thus seems that but $7000 was contributed in cash to the enterprise, though it appears that Smith had performed certain services beginning as early as July, 1908, and for which he afterwards received stock. In incorporating the company, Smith subscribed for fifty-one shares of its stock. On or about November 2, 1908, all of the parties directly interested caused certain property, consisting of charcoal ovens, wood, certain contract rights, furniture and fixtures, to be conveyed to the corporation in full payment of all of the authorized capital stock;

the parties agreeing as to the disposition of the stock, and certificates of stock being issued, fully paid and nonassessable, for their respective holdings, leaving a certain portion of the stock to be later sold for the company's purposes or to be divided *pro rata* among the stockholders.

Thereafter, about the end of November of that year, it appears that Smith, owing to certain domestic difficulties, began depositing funds of his own in the company's account, and paying his personal obliga-tions by checks of the corporation. This practice was continued until he severed his connection with the com-pany in July, 1909, and left the city of St. Louis. He testified that no particular record was kept of these disbursements, but that he merely ascertained from time to time how much of his funds were on hand in the company's account by reference to the actual bank balance and the company's books, all of the company's transactions being recorded. There appears to have been no attempt at secrecy in the matter, and it would seem that the practice must have been known to any one having anything to do with the company's books or financial affairs.

The three checks here involved were issued De-cember 1, 1908, February 3, 1909, and March 5, 1909, respectively. After Smith had left the company, it was found that the total of the company's checks is-sued by him for his personal account exceeded the amount of the funds which had been deposited by him with the company's moneys. Thereafter the plaintiff recovered $280.90 from certain persons who had re-ceived and accepted such checks. In October, 1909, after Smith had returned to the city of St. Louis, it appears that plaintiff's books were carefully audited, and it was found that, taking into account the $280.90, which had been recovered as above mentioned, the company was in fact indebted to Smith in the sum of $42.01. It is undisputed that this was fully agreed

upon between Smith and one Ottsen, then president and general manager of the company, after a thorough examination into the matter. This suit was instituted November 12, 1909.

From a statement of the above facts, it very clearly appears that plaintiff had no cause of action against this defendant. That one accepting the check of a corporation in payment of a personal obligation of an officer thereof is affected by notice of the character of the paper, is beyond dispute; and if in fact the corporation's funds are thereby misapplied, the latter may recover from the person accepting such check the sum so received by him. However, it is altogether clear that the corporation has no rights of action against such third person unless it has in fact suffered a loss in the premises. Here the evidence shows beyond doubt that plaintiff's funds were not being misappropriated at the times when these checks were issued; and though later checks were issued in excess of the funds deposited by Smith with the company's moneys (as he claimed, through error in keeping account thereof), it is quite clear that, prior to the institution of this suit, plaintiff had received back more than the amount of Smith's indebtedness to it on account of such transactions. There was therefore nothing upon which to predicate a right of recovery against this defendant.

Plaintiff appeared to proceed upon the theory that it was entitled to credit the amount deposited with the company by Smith, as above mentioned, upon the latter's stock subscription. And at the trial below it was sought to be shown that upon Smith's subscription to fifty-one shares of the company's stock, $1280 remained due, after crediting thereupon the amount originally contributed by him to the company's capital together with all sums thereupon deposited by him in the company's account. This position is wholly untenable, however, for the reason that, prior to all of

the transactions here in question, by agreement of all of the stockholders, certain property was transferred to the corporation in payment of all of the capital stock, the parties agreeing among themselves as to how the stock should be apportioned; and the stock was issued as fully paid and nonassessable. The corporation was therefore estopped to claim that the stock was not in fact paid up; and as between the corporation and the stockholders this matter was set at rest. [See Hill v. Atoka, etc. Co., 124 Mo. 153, 25 S. W. 926, 32 S. W. 111; 10 Cyc. 467; 1 Cook on Corporations (7 Ed.), Sec. 38; also Bucklew v. Pyron, 153 Mo. App. 673, 134 S. W. 1064.]

Also the contention that plaintiff acquired title to Smith's personal funds, under the doctrine of title by confusion, is without merit. To so deposit his personal moneys with those of the corporation was unwise, but it did not necessarily imply dishonesty in dealing with the funds of the latter. It appears that the company's books were correctly kept, so far as concerned its affairs, and later the accounts were separated and a settlement agreed upon which both parties admitted to be correct. There was therefore nothing in this theory to lend aid to plaintiff's case.

The judgment should be reversed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.


ON MOTION FOR REHEARING.


ALLEN, J.—We trust that we are not so far mistaken as to the facts of the case as learned counsel for respondent charges in his motion for a rehearing. A re-examination of the record and further consideration of the questions involved have not convinced us that a rehearing should be granted. The evidence in the record is not altogether clear as to some details of the transactions involved, but we think that it does clearly appear that plaintiff failed to make a case

against this defendant. We are concerned only with the case before us—the claim sought to be enforced against this defendant, a third party to the transactions between plaintiff company and Smith. With such transactions we are concerned only in so far as they are here pertinent to the question of liability or non-liability of this defendant.

The motion for a rehearing is overruled. *Reynolds, P. J.,* and *Nortoni, J.,* concur.