## ST. LOUIS CHARCOAL COMPANY, Appellant, v. EMMET M. LEWIS, Admr., Respondent.

Kansas City Court of Appeals, April 3, 1911.

1. **CORPORATION: Check: Individual Debt.** The president of a corporation with authority to sign checks in its business, gave a check on a bank signing the name of the corporation per himself as president and sent it to his creditor at a distant place. The latter cashed it through a local bank and it was paid in due course out of the corporation funds by the bank upon which it was drawn. It was *held* that the money could be recovered from the creditor.

2. ————: ————: **Notice on Face.** If the president of a corporation draws the corporation's check signed by him as president and delivers it to one to whom he owes an individual debt, it bears notice on its face of its illegal character and the creditor can be compelled to refund.

Appeal from Miller Circuit Court—*Hon. William H. Martin*, Judge.

REVERSED and REMANDED (*with directions*).

*Taylor R. Young, L. N. Musser*, and *Meservey & German* for appellant.

(1) Defendants, knowing that appellant had had no transaction of any kind with Peterie Drug Company, and that the officer of appellant did owe Peterie Drug Company four hundred sixty three dollars on his personal account, the act of Smith in issuing and delivering and of defendants in accepting the check of appellant, which was afterwards cashed, in payment of the personal obligation of Smith to Peterie Drug Company was notice to defendants that Smith was misappropriating the funds of appellant, and was using such funds to pay his personal obligations, and defendants, having received such misappropriated funds, are liable in this suit to repay plaintiff the amount in controversy here: Kitchen v. Com. Co., 105 Mo. App. 463; Lee v. Smith, 84 Mo. 304; Lamson v. Beard, 94 Fed. 30; Mendel v. Boyd, 91 N. W. 860; Anderson v. Kissam, 35 Fed. 699; Campbell v. Bank, 67 N. J. L. 301; 31 Cyc. p. 1605, par. E.; Benoist v. Siter, 9 Mo. 657; Worthington v. Vette, 77 Mo. App. 445. (2) The failure of directors to meet and scrutinize the management of the company did not constitute negligence on their part, and even if it did amount to gross negligence such neglect constitutes no defense to this suit. Kitchen v. Com. Co., 105 Mo. App. 463. (3) The court erred in refusing instructions one, two, three, seven, eight and nine asked by plaintiff, and in giving the instruction requested by defendants. Kitchen v. Commission Co., 105 Mo. App. 463. The court erred in excluding evidence offered by plaintiff and in admitting over plaintiff's objection evidence having for its object the purpose of showing that the directors of plaintiff had been guilty of negligence in not discov-

ering the misappropriation of funds of the company by Smith, and that defendant had distributed the amount in controversy here to creditors of Peterie Drug Company. Kitchen v. Commission Co., 105 Mo. App. 463.

*W. S. Pope* for respondent.

ELLISON, J.—The plaintiff is a corporation in St. Louis, Missouri, and its president was G. E. Smith, who by the by-laws of the corporation had authority to draw checks in its business. Smith, in his individual capacity, owed $463 to the Peterie Drug Company, a partnership doing business at Tuscumbia, Missouri, more than one hundred miles from St. Louis. Defendant Lewis is administrator of the drug company partnership estate. Smith drew a check in favor of defendant Lewis on the bank in St. Louis, where the plaintiff corporation did business, for the amount of his indebtedness and signed it "St. Louis Charcoal Company, per G. E. Smith, president." Lewis received the check, cashed it through a local bank at Tuscumbia and it was afterwards, in due course, honored by the bank in St. Louis and paid out of the plaintiffs account. Defendant used the money by paying it out to the creditors of the drug company. Afterwards plaintiff discovered the misuse of its funds by Smith in paying his individual debts and brought this action against defendant, as administrator of the partnership, for the amount. The only notice defendant had of the misuse was by the face of the check itself.

The judgment in the trial court was for the defendant.

On the foregoing facts we think the judgment was rendered for the wrong party. No one has a right to pay his debt with another's check, unless he shows that the other has given him such authority. This may not be true in case of the use of money which overpowering necessity requires shall be allowed to pass current from

hand to hand without making inquiry from whence it came.

In this case the check was drawn on the account of the corporation by the president for the payment of his individual debt. The face of it carried notice of its irregular and illegal character, and if used by the creditor he runs "the risk of being called upon to restore it." [Rochester Co. v. Paviour, 164 N. Y. 281.] That case says there is "a shadow" on such checks and that they cannot, in good faith, be accepted by the creditor and that "the checks themselves give notice of a suspicious fact and invite inquiry in relation thereto." In Ihl v. Bank of St. Joseph, 26 Mo. App. 129, we held, in an opinion by HALL, J., that where a depositor in a bank seek to pay his own debt with funds to his credit in the bank in a fiduciary character, the bank is charged with notice of the unlawfulness of the transaction and may be compelled to refund. And to the same effect is Johnson v. Payne & W. Bank, 56 Mo. App. 257.

In Lee v. Smith, 84 Mo. 304, it is said that "The law will not permit an agent's private interest to come between himself and his principal. Its actual presence always disables the agent from binding his principal in the transaction;" and if shown upon the face of the instrument used, notice of the disability arises.

The argument of defendant as to plaintiff's lack of diligence in discovering Smith's misconduct has not impressed us.

The judgment will be reversed and the cause remanded with directions to render judgment for the plaintiff. All concur.