RUECKING CONSTRUCTION COMPANY v. WIL-
LIAM M. WITHNELL, Appellant.

In Banc, January 17, 1917.

1. **SPECIAL TAX BILL**: Formation of District: According to Charter.
If in the formation of the assessment district, in a proceeding to
pave a public street, all of the material requirements of the
charter were complied with, the owner of land therein has no
ground to complain of its formation, when sued upon the special
tax bills.

2. ———: ———: Discrepancies. Discrepancies shown by the plat
of the benefit district, due to irregularity or curving in the street
to be improved, afford no ground for a contention that the dis-
trict was not formed according to law, if no other subdivision would
have produced greater uniformity in the apportionment of the
benefit taxes upon the property of the district.

3. ———: Uniformity of Taxation. The provisions of the State Con-
stitution relating to uniformity and equality of taxation do not
apply to the right of a municipality to make special assessments
for local improvements.

4. ———: Due Process: Notice. The special assessments authorized
by section 14 of article 6 of the charter of St. Louis do not amount
to taking the owner's property without due process of law. The
procedure authorized by said section in regard to publication of
notice to property-owners satisfies the constitutional requirement
and constitutes due process.

5. ———: Area Rule: Validity of Section 14 of Article 6 of Charter.
The Supreme Court of the United States in holding invalid the
ordinance under which the property was assessed according to
area, in Gast Realty & Investment Co. v. Schneider Granite Co.,
240 U. S. 55, did not hold invalid section 14 of article 6 of the
charter of St. Louis, and did not declare that all assessments by
the area rule are invalid, but that they are invalid only when
they are made in accordance with an ordinance which produces the
inequalities and injustice manifested by the ordinance in that
case.

6. ———: Notice of Institution of Suit: Sec. 9848, R. S. 1909: Remedy.
Section 9848, Revised Statutes 1909, requiring notice of the institu-
tion of a suit to enforce a special tax bill to be filed with the
comptroller of the city within ten days after its institution, has
no application to a suit on tax bills which became a lien on the
property before it went into force; it does not affect the remedy
alone, and to give it a retroactive operation would be to deny to
the holder of the tax bill the protection of the constitutional pro-
vision forbidding the impairment by legislation of vested rights.

7. ———: Limitations: Two Years After Last Installment. The statute (Sec. 9849, R. S. 1909) expressly provides that an action on the special tax bills is not barred until two years after the last installment has become due; and where the tax bills were issued in seven installments, under a charter provision declaring that tax bills may be made payable in installments of not less than three nor more than seven in number, a suit on all the tax bills begun before the last installment became due is not barred.

8. ———: ———: ———: Amended Petition. If the action was not barred by limitations at the time the amended petition was filed, a judgment on the tax bills cannot be defeated on the ground that the original petition did not state a cause of action and the bar of the statute intervened between the time of filing the original and the amended petition, because the defense is based on a premise not founded on fact.

9. DEPARTURE: Answering to Merits: Waiver. To render available a contention that an amended petition constitutes a new cause of action and a departure, defendant should stand on his objection thereto, and not waive it by answering over and going to trial.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey*, Judge.

AFFIRMED.

*E. T. & C. B. Allen* for appellant.

(1) That no cause of action was stated in the first petition was confessed by filing an amended petition. On May 23, 1910, when the ameded petition was filed, the action was barred. Walker v. Railroad, 193 Mo. 474; Bricken v. Cross, 163 Mo. 456. (2) The amended petition constituted a departure. The first petition sought to foreclose a lien for special assessment created under the charter of 1876, which was repeated in 1901. The amended petition sought to foreclose the lien for special assessment created by the amendment of the charter in 1901. Wasson v. Boland, 136 Mo. App. 628; McHugh v. Transit Co., 190 Mo. 94; Ingwerson v. Railroad, 205 Mo. 355; Huston v. Tyler, 140 Mo. 252; Sutter v. Raeder, 149 Mo. 309; Wilkerson v. Farnham, 82 Mo. 672; Lennox v. Coal Co., 158 Mo. 490; Ross v. Land Co., 162 Mo. 318; Heman v. Glann, 129 Mo. 336. (3) The amended petition contained no allegation that the re-

quired notice was given the property-owner. Without such a notice plaintiff had no cause of action. The demurrer should have been sustained. Rombauer's Municipal Code, art. 4, sec. 25, p. 383; Schneider v. Gast Inv. Co., 259 Mo. 153; Schulte v. Currey, 173 Mo. App. 578; Trust Co. v. County, 145 Fed. 874; Trinidad v. Hokasona, 178 Fed. 440; Canter v. St. Joseph, 126 Mo. App. 634. (4) The amended petition having alleged that the entire amount of the tax bill was due and payable on March 2, 1908, showed on its face that the lien had expired on March 23, 1910, when the amended petition was filed. Rombauer's Municipal Code, art 6, sec. 25. (5) There was no allegation in the amended petition that plaintff had elected to cause all installments to mature. Without such an allegation the bill as a whole had not matured. The demurrer should have been sustained. Municipal Code, art. 6, sec. 25. (6) Secs. 9848 and 9849, R. S. 1909, are not in conflict with the charter of St. Louis. Such appears from the words of those provisions. (7) The Legislature has absolute power over municipal corporations unless such power is denied to it by the State or Federal Constitutions. Art. 4, sec. 1, Constitution 1875; Kelly v. Meeks, 87 Mo. 400; Commonwealth v. Moir, 199 Pa. 534; State v. County Court, 34 Mo. 546; County Court v. Griswold, 58 Mo. 175; Cass County v. Jack, 49 Mo. 199; Commonwealth v. Plaisted, 148 Mass. 375; Darlington v. Mayor, 31 N. Y. 164. (8) Statutes relating to procedure are presumed to apply to all actions pending or future actions unless the statute shows a contrary intention. Clark v. Railroad, 219 Mo. 524; State ex rel. v. Stuart, 111 Mo. App. 478; Oil Co. v. Beacham, 120 Pac. 969; Darling v. Miles (Ore.), 112 Pac. 1084; Laird v. Carton, 196 N. Y. 169; Haarstick v. Gabriel, 200 Mo. 237. (9) The constitutional provision against retrospective legislation does not prevent retrospective change of remedy, but protects vested rights. Abbott v. Mining Co., 255 Mo. 378; Clark v. Railroad, 219 Mo. 524; Gibson v. Railroad, 225 Mo. 480. (10) The extinguishment, modification or limitation of a lien is a mere change of remedy, the lien itself being a method of enforcing a

right. Abbott v. Mining Co., 255 Mo. 378; Seibert v. Copp, 62 Mo. 182; Wade, Retroactive Law, sec. 231; Burwell v. Tullis, 12 Minn. 572; Bangor v. Goding, 35 Me. 73. (11) The requirement of notice in the present tax bill and lien statute is a mere change in remedy and applies to all actions brought after its enactment whether the tax bill was issued before its enactment or after. Trust Co. v. Donnell, 81 Mo. App. 147; West v. Porter, 89 Mo. App. 150; Plum v. Fond du Lac, 51 Wis. 393.

*George M. Block, Edward L. Gottschalk* and *Schnurmacher & Rassieur* for respondent.

(1) Both the original and amended petition stated facts sufficient to constitute good causes of action. Bambrick Bros. Constr. Co. v. McCormick, 157 Mo. App. 198; Paving Co. v. Bath, 136 Mo. App. 555; Bank v. Wright's Trustee, 68 Mo. App. 144; Vieths v. Planet Co., 64 Mo. App. 207; Turner v. Patton, 54 Mo. App. 654. (a) Both were based on exactly the same tax bills. The original differed from the amended petition only in that it averred certain legal conclusions which were erroneous. The amended petition was, therefore, not a departure, nor an attempt to substitute a different cause of action. (b) But if it had been a departure, by pleading over and going to trial, defendant waived this objection. Castleman v. Castleman, 184 Mo. 432. (2) Since the amended petition was not a departure from the original and related back, the suit was begun February 26, 1910, and before any of the installments of the tax bills matured. But even on the theory that the suit was first instituted when the amended petition was filed on May 23, 1910, the action was not barred. Only tax bills, not payable in installments, expire two years after their date. Fruin v. Meredith, 145 Mo. App. 586. (3) The petition nowhere states that the tax bills became due and payable March 2, 1908, as contended by defendant. The allegation is that on that date payment of the tax bills was demanded, that payment was refused and that the tax bills are "still due and payable." Under the charter of the city of St. Louis the first installment did not be-

come payable on demand, but thirty days after notice of the issuance of the tax bill. Charter of St. Louis, art. 6, sec. 25; Fruin v. Meredith, 145 Mo. App. 600. (4) A petition to enforce a special tax bill need not allege in so many words that defendant's property is within the taxing district. See cases cited under point one. That fact, however is alleged in the petition at bar, by necessary intendment. Vieths v. Planet Property & Financial Co., 64 Mo. App. 211. (5) The case of Gast Realty & Investment Company v. Schneider Granite Company, 240 U. S. 55, does not invalidate any of the provisions of the St. Louis City charter, nor overrule any doctrine of this court on the subject of special taxation, as assumed in the divisional opinion. It merely decides that upon the peculiar and unusual facts presented in that case, the assessment there in question was invalid as to so much thereof as related to the three-fourths based on area; but limits the right of complaint to persons actually suffering from "inequalities that have no justification in law." Even in that case the one-fourth of the tax bill based on frontage was not questioned. The United States Supreme Court has not condemned either the front foot rule, nor the area rule, nor a combination of both, in apportioning the cost of local improvements. On the contrary, since its decision in Gast Realty and Investment Company v. Schneider Granite Company, it has recognized such methods. Land Co. v. Kansas City, U. S. Adv. Ops. 1915, p. 647; Wagner v. Leser, 239 U. S. 207.

WALKER, J.—This is a suit brought by the Ruecking Construction Company in the circuit court of the city of St. Louis, in twelve counts on twelve special tax bills issued by said city to the construction company for the paving of Broadway between Osage and Neosho streets, a distance of six blocks. William W. Withnell, the defendant, is the owner of the property against which it is sought to enforce the lien of the tax bills. The first five counts of the petition are against five lots in City Blocks 2609 lying east of Broadway between Montana and Gasconade streets. The succeeding five counts are

against five lots in City Block 2608 on the east side of Broadway between Montana and Osage streets. The eleventh count is against a lot in City Block 2621 on the west side of Broadway between Gasconade and Meramec streets; and the twelfth count is against a lot in City Block 2620 on the west side of Broadway between Gasconade and Meramec streets. The first ten counts are on tax bills for $187.69 each. The eleventh count is on a tax bill for $3097.05; and the twelfth count is on a tax bill for $2745.28. The petition alleged the corporate nature of the plaintiff, that the defendant was the owner of the property described and that the city of St. Louis, by virtue of Ordinance No. 22604, contracted with plaintiff for the paving of Broadway between the limits named; that by a provision of the charter of said city, as amended October 22, 1901, the cost of the work was chargeable, in the name of the owner, to the abutting property, to the extent of one-fourth according to its frontage and to three-fourths according to its area; that by the terms of the contract and said Ordinance No. 22604 the materials to be used and the manner in which the work was to be done are prescribed; that plaintiff fully performed and completed the work in a skillful and workmanlike manner and in accordance with the contract and ordinance; that the president of the Board of Public Improvements had charge of the work, and when the same was completed computed its cost and assessed the value as a tax bill against the property of the defendant in proportion to its frontage and area and made out the tax bills therefor; that the just proportion of the cost of the work chargeable to the property described is the amount for which the bill was made out; that the particulars of same appear from a bill filed as an exhibit therewith; that the president of the Board of Public Improvements who made out the tax bill registered the same in his office and certified and delivered it to the Comptroller and took his receipt therefor, and that the Comptroller registered and countersigned the bill, delivered it to plaintiff and that he is the owner of same; that by virtue of the provisions of the charter and the

facts aforesaid the bill became and is a lien against the lots described for special taxes, and that on March 2, 1908, plaintiff demanded of defendant payment of the bill, which was refused, and that same is still due and unpaid; thereupon follows a prayer for judgment of the amount of the tax bill, with interest at the rate of eight per cent per annum after maturity. The facts set forth are those which appear in an amended petition filed by plaintiff on May 23, 1910, by leave of court correcting certain errors in the original petition.

Defendant filed an answer, together with a cross-bill asking affirmative relief.

The answer consists (1) of a general denial, (2) an allegation that plaintiff failed to file in the Comptroller's office within ten days after the filing of the original petition the notice referred to in sections 9848 and 9849, Revised Statutes 1909, in consequence of which it was averred that the lien of the tax bill had terminated, and (3) that the suit to foreclose the lien was not brought within two years from the date of the tax bill.

The cross-bill prays that the tax bill be declared void and that plaintiff be enjoined from transferring or collecting the same and be ordered to cancel and deliver it into court and that the lien thereof be discharged for the following reasons: (1) that the taxing district had been improperly laid out and thus unlawfully increased the assessment against defendant's property; (2) that by the incorrect location of the district through the workhouse property the city's proportion of the cost of the improvement was greatly lessened and the assessment against the remainder of the property in the district greatly increased; (3) that the assessment is in substantial excess of any possible benefit to defendant's property and is in violation of the Fourteenth Amendment of the Federal Constitution; (4) that a large amount of real estate belonging to other persons similarly located with reference to the street to be improved and of like proximity and value to that of defendant's property, was not assessed or included in any tax bill for any part of said improvement, thereby depriving de-

fendant of his property without due process of law and denying to him the equal protection of the law by subjecting his property to the lien of said assessment and relieving the property of others, similar in location and value to that of defendant, from said lien; (5) imposing an arbitrary, unjust and unlawful assessment upon property which had not been divided into lots, in violation of the Fourteenth Amendment of the Federal Constitution; and (6) in not affording defendant an opportunity to be heard upon the establishment. of the district, the benefits derived, upon whom the tax should be levied, the making of the assessment and its apportionment and the enforcement of same, which results in the taking of defendant's property without due process of law, in violation of the Fourteenth Amendment of the Federal Constitution.

To the answer and cross-bill plaintiff filed a reply consisting (1) of a general denial of each affirmative allegation therein; (2) alleging that sections 9848 and 9849 of the Revised Statutes of the State of Missouri are either unconstitutional and void or are not applicable to the city of St. Louis or to this cause, because in conflict with the charter of said city, and that the General Assembly was without power to pass a law changing the said charter, and that the tax bills in the suit were issued prior to the passage and adoption of said sections.

A jury being waived, the case was tried before the court, resulting in a finding against the defendant on his cross-bill and in an entry of judgment in favor of the plaintiff on all of the counts in the petition. After a compliance with the necessary formal procedure the defendant perfected an appeal to this court.

I. The memorandum filed herein by his honor Judge Kinsey in rendering the judgment below presents a clear and succinct statement of this case and we will avail ourselves of same wherever it is found **Formation of District.** necessary in the determination of the issues submitted. As suggested by Judge Kinsey, an orderly presentation of the matter will be best sub-

served by a consideration, first, of defendant's cross-bill, because if the matters therein set forth are well pleaded and sustained by substantial proof, the defendant is entitled to the relief he asks and it will follow that the issue must be ruled against the plaintiff. With this in view we have set out somewhat in detail defendant's cross-bill; the first, second and a part of the fourth paragraphs of same have reference to alleged defects in the establishment of the assessment district in that it was not established in accordance with the provisions of section 14 of article 6 of the charter of the city of St. Louis as the same existed and was in force at the time of these proceedings. [Revised Code St. Louis 1912, Rombauer, p. 365.] Without burdening this opinion with a copy of said section of the charter, we find upon an examination of the record, which includes the plat as well as oral and documentary testimony, that all of the material requirements of this section were complied with in the formation of this district. This question was carefully reviewed by this court in the Collier and Kauffman cases (Collier Est. v. Paving & Supply Co., 180 Mo. 362; Kauffman v. Paving & Supply Co., 180 Mo. 362) in which it was held that where the record discloses that a district has been laid out in substantial conformity with the charter, the property-owner has no ground of complaint. In Meier v. St. Louis, 180 Mo. 391, the doctrine in the Collier and Kauffman cases was affirmed, as it has been several times subsequent thereto, the last utterance of this court on the subject being found in Kennard v. Eyermann, 267 Mo. 1. These precedents suffice under the facts to destroy the force of defendant's contention that the district was not laid out in conformity with the requirements of the charter. Furthermore, the plat of the district shows that the property east and west of Broadway, in the matter of the material subdivision of same for the purposes of this assessment, is treated with the utmost fairness and as much equality as the character of same will permit. Wherever any discrepancy occurs, and it is but seldom, it is due to the irregularity or

curving of Broadway, and no other subdivision could have been made promotive of greater uniformity in the placing of the burdens upon the property in the district.

II. Other grounds of objection urged by defendant challenge the constitutionality of the charter. So for

Tax Uniformity.

as the contention that the section in question is violative of the State Constitution, we held in Ranney v. Cape Girardeau, 255 Mo. 514, and in many earlier cases, that the provisions of the State Constitution relating to the uniformity and equality of taxation were not intended to apply to the right of a municipality to make special assessments for local improvements, but only to such general or special taxation having for its object the raising of revenue to go into the treasury of the State, county, city or town, as the case might be.

In construing said section 14 of article 6 in the Meier case (p. 409) we have also held that the special assessments authorized thereunder did not amount to a taking of the owner's property without due process of law; that the procedure authorized by said section in regard to publication of notice to the property-owners satisfies the constitutional requirement and constitutes due process of law as to matters to be passed upon by the tribunal upon which is devolved the duty of ascertaining the facts and acting thereon.

III. There was no evidence offered to sustain the allegations of the cross-bill that the tax bills were con-

Confiscatory Tax.

fiscatory or that they were disproportionate to the benefits received in that the city had escaped the payment of its just proportion of the cost of the improvement because of its ownership of certain property within the benefit district.

IV. Defendant contends further that the tax imposed results in a taking of his property without due process of law, in violation of the Fourteenth Amendment of

Area Rule.

the Constitution of the United States, and cites as sustaining this contention the ruling of the Supreme Court of the United States in the recent case of Gast Realty & Investment Co. v. Schneider Gran-

ite Co., 240 U. S. 55, decided in January, 1916, on error from this court. The effect of this ruling, as contended by defendant and as was held in Division when the opinion of the Federal Supreme Court came down, was that it held invalid the charter provision (Sec. 14, art. 6, Revised Code of St. Louis) authorizing the laying out of benefit districts for the purpose of levying special assessments for street improvement and as a consequence that the ruling rendered invalid all ordinances based upon such charter provision. A more careful review of the opinion renders it evident that it was not intended thereby to hold the charter provision in question invalid and thus destroy the special taxing system of the city of St. Louis so far as same applies to street improvement. Instead of such a sweeping and destructive ruling, it was only meant to condemn the ordinance in the case there under review, as the language of the modified opinion discloses, viz., "Our decision is limited, of course, to the particular ordinance before the court; to the assessment of three-quarters determined in the mode described, and to those who, like the plaintiff in error, have suffered from the inequalities that have no justification in law." [240 U. S. 1. c. 60.] Words could not be employed to more clearly convey the court's meaning. However, if the modification of the opinion had not been written, a careful scrutiny of the original in the full light of the facts in that particular case leaves no ground for controversy as to the court's meaning. It expressly declares that "the only question here is whether the ordinance levying the tax under the charter of the city is consistent with the Fourteenth Amendment of the Constitution of the United States." [240 U. S. 1. c. 57.] The right to create taxing districts on the basis of the front-foot rule and according to the area rule is not questioned, provided the facts do not disclose palpable injustice to the property-owners. The ruling in any event is limited to a consideration of the application of the area rule. Numerous cases are cited as illustrative of the exercise of the power of special taxation by both the frontage and area rules by muni-

cipalities and of its recognition by the United States Supreme Court. In addition to the cases cited the following announce a like doctrine: St. L. & K. C. Land Co. v. Kansas City, 241 U. S. 419; Wagner v. Leser, 239 U. S. 207; Houck v. Little River Drainage Dist., 239 U. S. 254; French v. Barber Asphalt Paving Co., 181 U. S. l. c. 343; Webster v. Fargo, 181 U. S. l. c. 395; L. & N. Railroad Co. v. Barber Asphalt Paving Co., 197 U. S. l. c. 433; Martin v. District of Columbia, 205 U. S. l. c. 139.

From all of these rulings it is evident that the court did not intend to hold the charter of the city of St. Louis in regard to street improvement invalid, but simply decided that the ordinance based upon the charter was invalid in that particular case on account of the unusual facts there presented so far as it was attempted to base the assessments on the area rule. The right of complaint on account of the injustice there evident being limited to persons thus assessed. In this holding no question is raised as to the validity of the ordinance authorizing the levy of taxes for special assessments on the frontage rule. However, this is not necessary to be discussed here. In short, the ruling in the Gast case considered and determined only the fact then before the court, and did not assume to determine where a special assessment was levied in conformity with the charter provision and with a proper regard for the rights of the property-owners that such assessment would be held invalid. There is, therefore, under this ruling no authority for the contention that the levy of the special assessments in the case at bar was violative of the Federal Constitution. In view of all of which we are of the opinion that the defendant is not entitled to the affirmative relief for which he prays.

V. Defendant's affirmative defenses demand consideration. He contends that section 9848, Revised Statutes 1909, has not been complied with, requiring notice to be lodged with the city comptroller within ten days after the institution of suits to enforce special tax bills, which notice shall set forth

Filing Notice.

when and in what court the proceeding has been filed. It is conceded that this notice was not given. The tax bills sued on were issued to the plaintiff February 27, 1908; section 9848 was adopted June 1, 1909 (Laws 1909, p. 704), and became operative under the Constitution August 16, 1909, or almost one and one-half years after the bills became liens on the defendant's property and the rights of plaintiff had accrued. There is an absence of anything in this section indicating that it was intended to have a retrospective effect. Defendant contends, however, that as it affects only the remedy and is in the nature of a Statute of Limitations, it governs the proceedings in this case despite the fact that the cause of action existed before its enactment.

Under the facts defendant's conclusion as to the application of the section to this case is a *non-sequitur*. The nature of the section is such that if operative it not only affects the remedy, but, as we held in Haag v. Ward, 186 Mo. l. c. 344, construing a similar provision, upon its enactment it became a part of the procedure of the case. The tax bills became liens on defendant's property upon the completion of the work, the ascertainment of the cost of same and the delivery of the bills to the plaintiff. [Secs. 24 and 25, art. 6, St. Louis Charter; Perkinson v. Weber, 251 Mo. l. c. 191.] These steps having been taken before the enactment of the section, plaintiff's right to the enforcement of his lien became vested and consequently within the protection of the Constitution forbidding the impairment by legislation of vested rights. The enactment of the section created a condition precedent to the enforcement of the right not existing when the same became vested. Under such circumstancs we have held in no uncertain terms that a statute which takes away or impairs a right acquired under existing laws or creates a new obligation or imposes a new duty or attaches a new disability in respect to transactions or considerations already consummated must be deemed retrospective in its operation and hence violative of section 15 of article 2 of the State Constitution. [Leete v. Bank, 115 Mo. l. c. 198.] The

St. Louis Court of Appeals, in construing section 9848, has held, in harmony with the rule announced, that the provisions of the section requiring the giving of notice within the time imposed creates an additional burden upon the plaintiff and purports to create a new defense available to defendant and hence requires that the section be given a prospective and not a retrospective application, although it may be remedial in its nature. [Gilsonite Con. Co. v. Greffet, 174 Mo. App. 1. c. 180.]

VI. Holding as we do that section 9848 is not retrospective, a discussion as to the non-application of the limitations of section 9849 is unnecessary, as by parity of reasoning it is subject to the same rule of construction as section 9848. However, it is **Limitations.** contended by defendant that section 9849 constitutes a bar to plaintiff's right of action in two years after the tax bills become due and payable. This contention ignores the fact that the section expressly provides that the limitation shall not apply until two years after the last installment becomes due. The charter (Sec. 25, art. 6) provides that tax bills may be made payable in installments of not less than three nor more than seven in number, and when so payable the limitation does not expire until after the lapse of two years from the date when the last installment becomes due. These tax bills were issued February 27, 1908, in seven installments. Notice of same was served upon the defendant at the time of their issuance. The first installment became due and payable thirty days after notice of the issuance thereof; the second one year after such notice; the third, two years thereafter; the fourth, in three years; the fifth, four years; the sixth, five years; and the seventh, six years. This action was brought to enforce their payment February 26, 1910. The last installment was not due at the time of the institution of this suit, nor at the time of the filing of the amended petition herein on May 23, 1910. Where a bill is payable in installments under the charter the limitation does not expire until after the lapse of two years from the

date when the last installment becomes due. Under neither the statute nor the charter is the action barred and we overrule this contention of the defendant. The St. Louis Court of Appeals has so held in Fruin v. Meredith, 145 Mo. App. 586.

VII. One of the special defenses made by the defendant is that the original petition did not state a cause of action and that plaintiff's right to recover must **Amended Petition.** fail because the bar of the statute intervened between the time of the filing of the original and the amended petition. We have shown that the action was not barred at the time of the filing of the amended petition and, as was tersely said by the trial judge in his memorandum filed herein: "This argument of defendant's may be brushed aside, because it is based on a premise not founded on fact."

Conceding the insufficiency of the original petition, defendant's argument that the amended petition constituted a departure was waived by his answering to the merits and proceeding to trial. To render the plea available that an amended petition constitutes a new cause of action the defendant should stand on his objection thereto and not waive same by answering over and going to trial. [Castleman v. Castleman, 184 Mo. l. c. 440; Schroeder v. Edwards, 267 Mo. l. c. 482.]

A consideration of the numerous assignments of error and of the record in its entirety discloses nothing prejudicial to the substantial rights of the defendant. It therefore follows that the judgment of the trial court should be affirmed, and it is so ordered. *Graves, C. J., Woodson* and *Revelle, JJ.,* concur; *Blair, J.,* concurs in paragraphs 1 to 6 inclusive and result; *Faris* and *Bond, JJ.,* not sitting.