W. D. O'BANNON, Trustee, Respondent, v. JACOB W. MOERSCHEL et al., Appellants.

Kansas City Court of Appeals, May 10, 1920.

1. **Trustee in Bankruptcy: Individual Debt: Funds of Corporation.** If an officer of a corporation undertakes to pay his individual debt by the check of the corporation, the trustee in bankruptcy of the corporation may recover the amount from the creditor. The Laws 1917, p. 144, now require it to be shown that the creditor knew the check was drawn without authority of the corporation.

2. **Consent of Directors: Appropriation of Assets for Individual Purposes: Board.** To show consent of directors that an officer of a corporation may appropriate the assets of the corporation to his individual purposes, it is necessary that the directors act as a board—their separate consent as individuals will not suffice.

3. **CONSENT: Individual Debt: Corporation Debt.** Consent of the directors of a corporation that an officer may pay his individual debt out of the funds of the corporation is not shown when the proof is that such directors believed and though the officer's debt was the corporation's debt; their consent in such case, being that the officer might pay the debt of the corporation out of its funds.

Appeal from Cole Circuit Court.—*Hon. John G. Slate,* Judge.

AFFIRMED.

*Pope & Lohman* for respondent.

*Calfee & Westhues* for appellants.

ELLISON, P. J.—Plaintiff is trustee in bankruptcy of the estate of the corporation known as The Schultz Dry Goods, Carpet and Ready-to-Wear Company. Frank J. Linholf was president of that corporation and owed Jacob F. Moerschel, in the latter's lifetime, a sum amounting to near $50,000 in interest-bearing notes given for borrowed money. Linholf paid the interest regularly by checks of the corporation signed by him as president and Moerschel cashed these checks. The corporation was declared a bankrupt *on the petition of Jacob W. Moerschel as one of its creditors, the corporation, through Linholf, admitting its insolvency.* The corporation being insolvent the District Court of the United States for the Western district of Missouri sitting at Jefferson City, on proper request of creditors, authorized plaintiff as trustee to recover back these interest payments. Moerschel having died, plaintiff instituted this action against his executors. A. M. Hough, Esq., of the Cole county bar, was appointed referee. Defendant objected that the case was not one for a referee, but as this objection was not saved in the motion for new trial, we shall assume that he was properly appointed.

The referee heard the evidence and made report to the trial court wherein he allowed to plaintiff the various payments of interest aggregating $5623.63. Each party filed exceptions to the report. They were overruled and judgment rendered for plaintiff in the amount found by the referee. Plaintiff did not appeal.

It is proper to say as a part of the history of the case that the present corporation was preceded by the corporation known as The Schultz Dry Goods and Carpet Company and Linholf paid to Moerschel a number of payments by checks out of the funds of that corporation. But the latter became dissolved and finally absorbed by the present bankrupt, The Schultz Dry Goods, Carpet and Ready-to-Wear Company. The referee refused to allow to plaintiff any of the money Linholf used out of the funds of the former corporation on the ground that plaintiff did not represent that corporation, and that the five-

year Statute of Limitation had run against the action. We should also state that Moerschel presented the notes for allowance against the estate of the corporation bankrupt as if they were the debt of the corporation, but the federal court held they were the individual indebtedness of Linholf and disallowed them. [In re Schultz Dry Goods, Carpet and Ready-to-Wear Company, 236 Fed. 425, and same case on appeal, 246 Fed. 887.]

We therefore have only to determine whether the referee and the trial court upheld in the law in holding Moerschel's estate liable to the plaintiff trustee in bankruptcy.

The law is that an officer of a corporation cannot lawfully use the money of the corporation to pay his individual debts; and if he gives a check of the corporation, per himself, it is notice to his creditor and the latter may be compelled to pay it back. [Charcoal Co. v. Lewis, 154 Mo. App. 548; Napoleon Hill Cotton Co. v. Stix, 217 S. W. 323; Charcoal Co. v. Moore, 178 Mo. App. 692; McCullam v. Buckingham Hotel Co., 98 Mo. App. 107.]

In 1917 the Legislature passed an act legalizing such payment unless it is shown that the payee of the check had actual knowledge that it was issued without the knowledge of the corporation. [Laws 1917, p. 144.] But that act does not affect this case for the reason that it was passed since the facts herein transpired.

But defendant has cited us to an exhaustive opinion of the Supreme Court (Coleman v. Hagey, 252 Mo. 102, 136-143), wherein Judge WALKER states the right of a solvent corporation to deal with its money or other assets as an individual would, and that generally only judgment creditors could attack a disposal of the debtor's property. To the same effect is Jorndt v. Hub & Spoke Co., 112 Mo. App. 341, decided by the St. Louis Court of Appeals through Judge GOODE. But these cases have no application. In the case before us we have an officer of a corporation taking its funds bodily and using them (with the creditors knowledge) to pay his private debt. The credi-

tor thus becomes a party to the misapropriation and can be forced to disgorge.

To avoid the consideration we have just stated, defendant is driven to insist that it was not Linholf who paid the money to Moerschel but that it was the corporation acting through Linholf. The fact that Linholf was president of the corporation with authority to draw check for it, would ordinarily make his checks, when cashed, legal payments to the drawee, but, of course, this could not be when the drawee knew the officer by giving the check was putting his hands into the treasury of the corporation and misappropriating its funds. [Bank v. Edwards, 243 Mo. 553, 564-569.]

We do not overlook the law stated by our Supreme Court in Coleman v. Hagey, supra, 143, and the St. Louis Court of Appeals in Jorndt v. Hub & Spoke Co., supra, 344, that a solvent corporation may use its assets for the individual benefit of another with the consent of the stockholders and directors of the corporation. Defendant, doubtless to bring himself within the law thus stated. introduced evidence that the stockholders and directors of the Schultz Dry Goods Carpet and Ready-to-Wear Company consented that Linholf might make the interest payments in suit, out of the funds of the corporation. But we think there is good reason why that evidence cannot avail defendant. The directors each testified that they consented to this use of the corporation funds because it was the understanding had at the time they formed the corporation that the debt to Moerschel for the money used in buying the stock was to be paid *by the corporation.* The effect of their testimony was that they looked upon the debt *as that of the corporation and not of Linholf:* and in furtherance of that understanding Moerschel actually presented his notes to the trustee in bankruptcy and endeavored to have them allowed as the debt of the corporation. The consummation of that idea was only prevented by the federal courts in the case—In re Schultz Dry Goods, Carpet & Ready-to-Wear Company, 236 Fed. 425, and 246 Fed. 887, to which we have already

referred. It seems plain from the testimony that the directors did not consider that Moerschel had a debt against Linholf personally and that their consent would not have been given if they had known the corporation, though not liable, was yet paying an individual debt out of its assets as a mere gratuity.

We think the judgment should be affirmed. All concur.