WILLIS F. BIEDERMANN, Trustee in Bankruptcy of R. M. Morris Lumber Company, a corporation, Respondent, v. MERMOD, JACCARD & KING JEWELRY COMPANY, a corporation, Appellant.

St. Louis Court of Appeals. Opinion Filed May 2, 1922.

1. **CORPORATIONS: Officers: Misapplication of Corporate Funds: Statute: Not Retrospective.** Section 996, Revised Statutes of 1919, providing that, if any check, draft or order of any corporation, firm or copartnership shall be given in payment of the debt of any officer, agent or employee of said corporation, firm or copartnership, the payee or other person collecting such check, draft or order shall not be liable to said corporation, firm or copartnership therefor, unless it shall be shown that such payee or other person at the time of collecting same had actual knowledge that said check, draft or order was issued without authority of said corporation, firm or copartnership, is not retrospective in its operation, and applies only to checks, drafts or orders issued thereafter.

2. **CONSTITUTIONAL LAW: Statutes: Construction: Prospective Operation.** Unless a different intent is evident beyond reasonable question, applicable alike to constitutional and statutory provisions, they are to be construed as having a prospective operation only.

Appeal from the Circuit Court of the City of St. Louis.— Hon. *Charles B. Davis,* Judge.

AFFIRMED.

*McLaran & Garesche* and *E. H. Wayman* for appellant.

(1) The court erred in refusing to sustain defendant's demurrer to the plaintiff's evidence because, under the law as it stood at the time the case was tried, the burden was on plaintiff to prove as an essential element of his cause of action that the defendant had actual knowledge of the fact that the checks in controversy

were issued without the authority of the R. M. Morris Lumber Company, which burden plaintiff failed to discharge (Act of April 9, 1917, section 1, page 144, Session Acts of 1917, now section 996, Revised Statutes of Missouri 1919). (2) The Act of April 9, 1917, enacts a rule of evidence, and therefore has to do merely with the procedure at the trial, and is therefore applicable to all pending causes of action, regardless of when such causes of action accrued. Coe v. Ritter, 86 Mo. 277; O'Bryan v. Allen, 108 Mo. 227; Messimer v. McCray, 113 Mo. 382; Howard v. Strode, 242 Mo. 210.

*Abbott, Fauntleroy, Cullen & Edwards* for respondent.

(1) The appellate courts of this State have already determined that the Act of April 9, 1917, section 1, page 144 of the Session Acts of 1917, now section 996, R. S. 1919, does not apply to checks drawn prior to the enactment of said statute. O'Bannon v. Moerschel, 204 Mo. App. 155; Tobin v. Hewitt Co., 232 S. W. 257. (2) In the construction of any statute it is always to be given a prospective effect, only, unless the positive wording of the statute makes it necessary to give it a retrospective effect. The presumption is always against construing a statute to have a retrospective effect and the language of the Act of April 9, 1917, clearly does not require a retrospective interpretation. Christine v. Luyties, 280 Mo. 416; Murphy v. Welton, 217 S. W. 620; Leete v. Bank, 115 Mo. 184 Supreme Council Royal Arcanum v. Heitzman, 140 Mo. App. 105; Jamison v. Zausch, 227 Mo. 406; State ex rel. v. Dirckx, 211 Mo. 568; 36 Cyc. 1205, ff. Bartlett v. Ball, 142 Mo. 28; State ex rel. v. Wright, 251 Mo. 325; Mott Store Co. v. St. Louis etc. R. R., 254 Mo. 654; State ex rel. v. Frazier, 98 Mo. 426; Petring v. Current River etc. Co., 111 Mo. App. 373; Gladney v. Sydnor, 172 Mo. 318; Cranor v. School District, 151 Mo. 119; 25 R. C. L. Statutes, sec. 35, pp. 787-789. (3) The Constitution of the State of Missouri, article II, section 15, pro-

hibits the passing of any *ex post facto* law or law impairing the obligation of contracts or retrospective in its operation. To apply the Act of April 9, 1917, now section 996, R. S. 1919, to the transactions in this case would be to give that statute a retrospective operation in violation of the Constitution of this State. To apply that statute to the transactions in this case would make it affect vested rights and take away or impair a right acquired by the plaintiff under existing laws in violation of the Constitution of this State. A cause of action is a vested right. 8 Cyc, 910; Leete v. Bank, 115 Mo. 184; Gladney v. Sydnor, 172 Mo. 318; Ruecking Const. Co. v. Withnell, 269 Mo. 546; Mayhew, Trustee, v. Todisman, 246 Mo. 288; Higbee v. Brockenbrough, 191 S. W. 994; Petring v. Current River etc. Co., 111 Mo. App. 373; Blum v. New York Life Ins. Co., 197 Mo. 513; Cranor v. School District, 151 Mo. 119; Pritchard v. Norton, 106 U. S. 124; 25 R. C. L. Statutes, sec. 38, p. 791 sec. 40, p. 793; Haarstick v. Gabriel, 200 Mo. 237. (4) Errors, though preserved at the trial, are waived on appeal when they are not raised in the assignment of errors or in the brief proper. Smith v. Southern, 236 S. W. 413; Stuart v. Dickinson, 235 S. W. 446; Nations v. Spence, 235 S. W. 1064.

BIGGS, C.—Plaintiff sues as the Trustee in Bankruptcy of R. M. Morris Lumber Company, a Missouri corporation. The action is for money had and received in eleven counts to recover the amounts of certain checks issued by the R. M. Morris Lumber Company, through R. M. Morris its president, payable to the defendant, and which were received by defendant in payment of the individual debt of R. M. Morris. The checks were issued on various dates between November 26, 1913, and December 7, 1915, all of which were delivered to the defendant, cashed by it, and were taken in satisfaction of defendant's claim against R. M. Morris personally for jewelry sold to him. The eleven checks aggregate the sum of $330.25.

No question arises as to the sufficiency of plaintiff's proof to establish his cause of action except in one particular, and that is, there was no evidence offered by plaintiff to prove that the defendant had actual knowledge that the various checks were drawn without the authority of the corporation, this being necessary as asserted by defendant under the provisions of section 996, Revised Statutes 1919, which statute was enacted by the Legislature in 1917 subsequent to the time that the checks referred to were issued and accepted by the defendant. It is asserted that under said statute it is necessary before plaintiff can recover for him to prove actual knowledge on the part of defendant that the checks were drawn without the authority of the corporation, and that said statute being merely a rule of evidence and affecting only the remedy it applies to the present controversy and cause of action notwithstanding it arose and the checks were issued prior to the enactment of the law. Because of the absence of any evidence on behalf of plain-' tiff that the defendant had actual knowledge that the checks were drawn without the authority of the corporation, the defendant contends that its demurrer to the evidence should have been sustained.

The defendant offered no evidence. The court below refused to sustain defendant's demurrer, and rendered judgment on each count of the petition with interest from the date of the filing of the suit. Following the usual preliminaries defendant has appealed.

A single question is presented, namely, whether the defendant can be absolved from liability because plaintiff failed to affirmatively prove that defendant had actual knowledge that the checks were issued without the authority of the corporation as required by the Act of 1917, in view of the fact that the act was passed subsequent to the acceptance of the checks and the accrual of the cause of action. Plaintiff asserts that there is nothing in the act to indicate that it was intended to be retrospective in its operation and it should not be given that effect; that to do so and impose the burden upon

plaintiff of showing such actual knowledge on the part of defendant would be to place upon the act an interpretation contrary to article II, section 15, of the Missouri Constitution, which provides that no law retrospective in its operation can be passed by the General Assembly. The Act of 1917 (section 996, R. S. 1919), is as follows:

"Liability of Corporation, Firm or Co-partnership.—If any check, draft or order of any corporation, firm or co-partnership shall be given in payment of the debt of any officer, agent or employee, of said corporation, firm or co-partnership, the payee or other person collecting such check, draft or order shall not be liable to said corporation, firm or co-partnership therefor, unless it shall be shown that such payee or other person, at the time of collecting same, had actual knowledge that said check, draft or order was issued without authority of said corporation, firm or co-partnership."

Before the enactment of this law a rule of decision prevailed in this State to the effect that in such cases where one accepts the check of a corporation drawn by an officer in payment of his private obligations, he takes it with notice of a lack of authority on the part of the officer, and is required to repay the proceeds in an action for money had and received where it appears that the corporate funds were misapplied. [Reynolds v. Gerdelman, 185 Mo. App. 176, 170 S. W. 1153; Reynolds v. Title Guaranty Co., 219 Mo. 644, 1. c. 666, 118 S. W. 641; St. Charles Savings Bank v. Edwards Brokerage Company, 243 Mo. 553, 147 S. W. 978; Reynolds v. Whittemore, 190 S. W. 594; McCullam v. Buckingham Hotel Company, 198 Mo. App. 107.] And in such a case the defendant carried the burden of showing that the officer was duly authorized to draw upon the funds of the corporation for his private purposes. [McCullam v. Buckingham Hotel Company, supra; Reynolds v. Whittemore, supra; Bank v. Brokerage Company, supra.]

The Act of 1917 modifies the rule heretofore stated and provides that the payee or person collecting the

check or draft in such cases shall not be liable to the corporation, unless it be shown that such payee at the time of collecting the check had actual knowledge that said check was issued without the authority of the corporation. By this law a new element of the cause of action must be established which was not required under the law existing prior to the enactment.

In the present case the checks were issued and the cause of action accrued thereon to the corporation long prior to the passage of the act. Is the act in question retrospective in character and applicable to the present case? In the first place, it should be determined whether the Legislature intended that the act should operate retrospectively and apply to prior controversies or causes of action. If it did not, then it would be unnecessary to determine whether its retrospective operation runs contrary to the constitutional inhibition and interferes with and deprives plaintiff of a vested right.

The act states that, if any check *shall be given* in payment of a debt of any officer, the payee *shall not be liable to said corporation, unless it shall be shown* that such payee at the time of collecting the check had actual knowledge that said check was issued without authority of said corporation. There is nothing in the language of the act itself to indicate the Legislature intended that it should operate retrospectively. On the contrary, the language used indicates that it should apply only to checks issued thereafter.

A rule of construction is well settled in this State, which is stated by Judge GANTT for the court in Banc in the case of State ex rel. v. Dirckx, 211 Mo. 577, 111 S. W. 3, thus: ''The settled rule of construction in this State, applicable alike to constitutional and statutory provisions, is that, unless a different intent is evident beyond reasonable question, they are to be construed as having a prospective operation only.'' (Citing cases.)

In State ex rel. v. Wright, 251 Mo. l. c. 344, 158 S. W. 829, also a case in Banc, Judge FARIS said: ''This rule is also in consonance with the text-book law: 'It is

a well settled rule of construction that laws relate to the future, and are not to be construed retrospectively, or to have a retrospective effect, unless it shall clearly appear that it was so intended by the Legislature, and unless such construction is absolutely necessary to give meaning to the language used. In every case of doubt the doubt must be resolved against the retrospective effect.' ''

To the same effect is the late case of Christine v. Luyties, 280 Mo. 416, 217 S. W. 55, which construed section 1 of the Act of 1919, an act pertaining to a review of a referee's report, and which reads as follows: ''On appeals in all cases, whether law or equity, in which a referee has been appointed and made a report, the appellate court shall on exceptions properly preserved, review the evidence and the findings of fact and conclusions of law of the referee and the trial court, and give such judgment as shall be conformable to the law on the evidence.'' The court construed this act to be prospective in operation and inapplicable to an appeal already pending. It is held that under the rule of construction referred to there was nothing to indicate that the law making power intended that the act should have other than a prospective operation, and further that to give the act a retrospective operation would be in plain contravention of section 15 of article II of the Constitution.

We think it clear that the General Assembly had no intention of applying the act to causes of action based on checks issued and collected prior to its passage.

While the question was not directly involved, as appears from an examination of the record in the case, the Kansas City Court of Appeals in O'Bannon v. Moerschel, 204 Mo. App. 155, 222 S. W. 1035, says: ''The law is that an officer of a corporation cannot lawfully use the money of the corporation to pay his individual debts, and if he gives a check of the corporation, per himself, it is notice to his creditor and the latter may be compelled to pay it back. (Citing cases.)

"In 1917 the Legislature passed an act legalizing such payment unless it is shown that the payee of the check had actual knowledge that it was issued without the knowledge of the corporation. But that act does not affect this case for the reason that it was passed since the facts herein transpired."

And this Court in the case of Tobin v. Hewitt Company, 232 S. W. 257, a case in which the checks were issued prior to the passage of the Act of 1917, says: "And it may be further noted that the right to recover on the theory here pursued by plaintiff is now affected by a statute enacted in 1917 (Laws of 1917, page 143). This act has not been referred to by counsel, doubtless for the reason that the transactions involved occurred prior to its passage."

Furthermore, we think that to apply the statute to causes of action based upon checks issued prior to its passage would affect the vested rights of plaintiff and impair his rights acquired under existing laws in violation of article 11, section 15 of the Missouri Constitution, which provides that no *ex post facto* law nor law impairing the obligation of contracts or retrospective in its operation, can be passed by the General Assembly. The *quantum* of evidence necessary to establish a cause of action under the then existing law is we think a vested right. [Leete v. Bank, 115 Mo. 184, 21 S. W. 788; Gladney v. Sydnor, 172 Mo. 318, 72 S. W. 700; Ruecking Construction Company v. Withnell, 269 Mo. 546, 191 S. W. 685; Christine v. Luyties, 280 Mo. 416, 217 S. W. 55.]

In Ruecking Construction Company v. Whitnell, supra, the Supreme Court had under consideration the effect of section 9848, Revised Statutes 1909, requiring notice of the institution of a suit to enforce a special tax bill to be filed with the Comptroller of the city within ten days after its institution. It was there ruled that this statute had no application to a suit on a tax-bill which became a lien on the property before it went into force and effect; that the act does not affect the remedy alone, and to give it a retrospective operation would be

to deny to the holder of the tax-bill the protection of the constitutional provision forbidding the impairment by legislation of vested rights. In that case Judge WALKER, l. c. 558, says:

"The tax-bills became liens on defendant's property upon the completion of the work, the ascertainment of the cost of same and the delivery of the bills to the plaintiff. These steps having been taken before the enactment of the section, plaintiff's right to the enforcement of his lien became vested and consequently within the protection of the statute forbidding the impairment by legislation of vested rights. The enactment of the section created a condition precedent to the enforcement of the right not existing when the same became vested. Under such circumstances we have held in no uncertain terms that a statute which takes away or impairs a right acquired under existing laws or creates a new obligation or imposes a new duty or attaches a new disability in respect to transactions already consummated, must be deemed retrospective in its operation and hence violative of section 15 of article II of the State Constitution, (Leete v. Bank, 115 Mo. l. c. 198); . . . (Gilsonite Construction Company v. Greffet, 174 Mo. App. l. c. 180)."

So in the present case plaintiff under the law as it existed at the time the checks were cashed and the cause of action accrued could establish a cause of action without proving actual knowledge on the part of the payee of the checks that said checks were issued without authority of the corporation. The statute in question subsequently passed impairs plaintiff's rights theretofore existing, in that by its terms it imposes upon plaintiff a new obligation, a new burden, and a new duty in respect to transactions already consummated, and to apply the act in the present case would violate section 15 of article II of the State Constitution. [Blake v. Third National Bank, 219 Mo. 644, 118 S. W. 641.]

In the case of Coe v. Ritter, 86 Mo. 277, relied on by the defendant, the act that was being construed by the court (Session Acts 1881, page 171) expressly made the

enactment apply to mortgages theretofore and thereafter made. In that case it was ruled that it was competent for the Legislature by express enactment to make the recitals in a mortgage or deed of trust prima-facie evidence of the truth thereof, and that it is not trenching upon private rights, nor impairment of the obligations of contracts to apply such enactment to deeds previously executed, inasmuch as mere rules of evidence, like other rules affecting. the remedy, are subject to modification and control by the Legislature and that changes effected in these rules by legislative authority may be made applicable to existing causes of action without trespassing upon constitutional prohibitions respecting retrospective enactments. The act in question in the case of Coe v. Ritter not only expressly provided that it should apply to deeds theretofore executed, but that act applied clearly to the remedy and did not affect the cause of action theretofore existing. We think the case is not authority requiring the act under consideration to be applied retrospectively. In the present case the plaintiff had a complete cause of action under the law existing at the time the cause of action accrued and could establish a case without proving that the payee had actual knowledge that the checks were issued without the authority of the corporation. The statute in question changes that cause of action then existing and requires the plaintiff to establish a new element, to-wit, actual knowledge on the part of the payee. Such new element was not required to be shown prior to the enactment of the statute. To give the statute a retrospective operation would be violative of the provisions of the Constitution of Missouri referred to, and hence we rule that the court did not err in refusing to sustain the defendant's demurrer to the evidence.

The judgment should be affirmed.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.