| 38 | 483
| 52a | 346
| 38 | 483
| 115 | 199

HOPE MUTUAL INSURANCE CO., Plaintiff in Error, *v.* WILLIAM FLYNN, Defendant in Error.

*Constitution—Retrospective Laws.*—The Constitution forbids the passage of any law *ex post facto,* or impairing the obligation of contracts, or retrospective in its operation. A statute which takes away any vested right acquired under existing laws, or creates a new obligation, or imposes a new duty, or attaches a new disability, in respect to transactions already past, is retrospective. A statute, amendatory of the charter of an insurance company, which declares that the certificate, signed by the president and secretary of the company and attested by the corporate seal, that the party named therein is indebted to the company in the sum stated, shall be conclusive evidence of the facts therein stated, is, as to all causes of action originating prior to the statute, retrospective in its operation and void.

*Error to St. Charles Circuit Court.*

*John C. Orrick,* for plaintiff in error.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff in error on the 21st day of September, 1860, issued and delivered to the defendant in error a policy of insurance for two thousand dollars on his house and furniture in Audrain county, Missouri, for the period of six years. Under a provision of the policy, the plaintiff in error cancelled the same on the —— day of ——, 1863, and demanded payment of the premium which was claimed to be due up to that date. On the 26th day of January, 1864, an act was passed by the General Assembly of the State of Missouri by way of amendment to the charter of plaintiff in error, which act, among other things, provided as follows:

"Sec. 22. Whenever it shall become necessary to bring suit against any party for any assessment or other indebtedness now due or hereafter due to the company, the said

company shall not be compelled to produce its books or papers in any court or tribunal in which said suit, action or other proceedings may be pending or tried, and a certificate signed by the president or vice-president and secretary of said company, with its corporate seal affixed, stating that the party is indebted to the company for the amount named in said certificate, shall in all such suits, actions or proceedings be conclusive evidence of the facts therein stated."— Laws of Mo. Adj. Sess. 1863, p. 352, § 22.

In May, 1864, plaintiff sued defendant before a justice of the peace in St. Charles county for $25, the amount claimed to be due when the policy was cancelled, and judgment was given in its favor. Defendant appealed to the Circuit Court, and on the trial there plaintiff introduced the certificate of indebtedness signed by the president and secretary, with the corporate seal affixed, as evidence of defendant's indebtedness, which was excluded by the court. No other evidence was offered by either party, and the court found for the defendant and rendered judgment in his behalf.

The sole question presented by the record is, had the Legislature the constitutional power to declare that the certificate should be conclusive evidence of the fact of indebtedness.

The Constitution of the State says, that " no *ex post facto* law, nor law imparing the obligation of contracts, or retrospective in its operation, can be passed."

A statute which takes away or impairs any vested right acquired under existing laws, or creates a new obligation, or imposes a new duty, or attaches a new disability in respect to transactions or considerations already past, is to be deemed retrospective or retroactive—Sedg. Stat. & Const. Law, 188.

The right of the Legislature to change the remedy and prescribe rules of evidence, if its enactment does not create a new obligation or attach a new disability retrospectively, is conceded ; but it is not within the constitutional competency of the Legislature to annul by statute any legal ground on which a previous action is founded, or to create a new bar by which such action may be defeated.

No new ground for the support of an existing action ought to be created by legislative enactment, nor any legal bar which goes to deprive a party of his defence. The 22d section of the amendatory charter makes the certificate conclusive evidence of indebtedness, and deprives the defendant of any defence which he might have, however just or legal. When the contract was entered into and the action accrued he had the undoubted right by the law of the land to appear and defend himself, and defeat the plaintiff's right of action by competent proof; this act denies him that privilege, and attaches to him a new disability.

If the evidence is conclusive, it admits of no countervailing testimony which would constitute a defence, and the appearence of the defendant in court when his hands are tied and his lips sealed by act of the law, would be at best a solemn mockery.

Under the law as it existed when defendant's liability was incurred, he had the right to make any defence consistent with the rules of law. The act in question virtually debars him from the exercise of that right. Had the act merely provided that the certificate should be evidence or *prima facie* evidence of the facts stated in it, it would have been unobjectionable and within the scope of the legislative power; but when it proceeds to give it a conclusive character, it divests the defendant of an antecedent right, and attaches to him a new bar and disability.

The judgment must therefore be affirmed. The other judges concur.