| 52 | 133 |
| 115 | 199 |

| 52 | 133 |
| 56a | 20 |

| 52 | 133 |
| 70a | 546 |

| 52 | 133 |
| 138 | 617 |

| 52 | 133 |
| 157 | 558 |

CITY OF ST. LOUIS, to use of JAMES CREAMER, Respondent, *vs.* JAMES CLEMENS, Appellant.

1. *Authority delegated—St. Louis, City of—Charter—Ordinances.*—The charter of the City of St. Louis authorized the construction of sewers in said city, the dimensions to be determined by ordinance of the City Council; *Held*, that an ordinance leaving the determination of the dimensions to the City Engineer would create no liability on the part of the property-owners to pay for the work done. [City of St. Louis, to use of Murphy vs. Clemens, 43 Mo., 395, and Sheehan vs. Gleeson, 46 Mo., 100, affirmed.]

2. *Laws retrospective—Constitution of Missouri.*—Certain sewers were built in the City of St. Louis under invalid ordinances, creating no liability on the part of property owners, and afterwards the legislature passed an act authorizing the city to re-assess the sum remaining unpaid on the real estate benefited by the improvement; *Held*, that the act of the legislature was retrospective and void under the State Constitution. (Art. 1 § 28.)

*Glover, Shepley and Gardner*, for Appellant.

I. The ordinance of the City of St. Louis, No. 6001, is invalid in that it did not give the position, extent or direction of the sewer intended to be established.

II. The ordinance is invalid because it did not prescribe the dimensions of the sewer intended to be constructed. (City of St. Louis, to the use of Murphy vs. Clemens, 43 Mo., 395.)

III. The ordinance was invalid and the original assessment for the purpose of meeting the expenses thereby caused is invalid. And therefore the act of the General Assembly passed in 1870, is retrospective and void.

This is no tax, but it is an assessment upon adjoining property for the construction of public works benefiting the particular property. (Lockwood vs. City of St. Louis, 24 Mo., 20 ; 11 Johns., 77 ; Sheehan vs. The Good Samaritan Hospital, 50 Mo., 155.)

There was no lien or any obligation upon the plaintiff or his property for the cost of this sewer at the time this act of March 21, 1870, was passed.

This law of 1870 does not give a municipal corporation a power to levy a tax, but gives a private individual a right which he did not possess, and takes away from the appellant a defense that was perfect before the act was passed.

. This act is retrospective legislation and is prohibited by the Constitution. (Const., Art. 1, § 28 ; Hope Mut. Ins. Co. vs. Flynn, 38 Mo., 483. ; Sedgwick on Stat. and Co. Law, 158.)

. The cases from New York and Pennsylvania do not apply to this case because the constitutions of those States contain no prohibitions against retrospective laws.

*Samuel Reber*, for Respondent.

This is a tax, and taxes may be imposed before, at the time,

or after the debt or liability to be paid is created. And this is true of special or corporation taxes as well as of general taxes. (Meech vs. City of Buffalo. 29 N. Y., 198; Wetmore vs. Campbell, 2 Sandford, 341; Charter City of St. Louis, Sess. Acts 1867, p. 75.)

The question involved in this case has been decided in Howell vs. the City of Buffalo, 37 N. Y., 267-272; Brewster vs. City of Syracuse, 19 N. Y., 116; Meech vs. City of Buffalo, 29 N. Y.. 198; Town of Guilford vs. Supervisors of Chenango Co., 13 N. Y., 143; 2 Sandford, S. C., 341; Dillon on Municipal Corporations, Sec. 652; Cooly on Con. Lim, 209-496 *et seq.* 2d Ed., Schenley vs. The Commonwealth, &c., 36 Penn. State, 29; Hines vs. Leavenworth, 3 Kansas, 186.

As to retrospective law, see Cooly Con. Lim, 2 Ed., p. 369 *et seq.* and cases cited; particularly, 6 Yerger, 125; 37 N. H., 304; 4 Texas, 474,–5; 7 Humphreys, 130.

The following additional cases illustrate the nature of the taxing power, &c: State, &c., vs. Linn County, 44 Mo., 504; State, &c., vs. Dulle, 48 Mo., 282; Steines vs. Franklin County, 48 *Ibid,* 167; North Mo. R. R. vs Maguire, 49 Mo., 490; The City vs. Lamson, 9 Wallace, 477; Litchfield vs. Vernon, 41 N. Y., 133-137; People, *ex rel.* vs. Lawrence *Ibid,* 137.

VORIES, Judge, delivered the opinion of the court.

This action was commenced in the St. Louis Circuit Court to enforce the collection of a special tax-bill assessed against the appellant's property for the construction of a district sewer in the City of St. Louis.

On the 24th day of January, 1867, the city council of the City of St. Louis passed an ordinance by which it is provided that a sewer district denominated "Green Street Sewer District" shall be established, and that the city engineer shall cause sewers to be constructed within said district, said sewers to be constructed with such material, and of such dimensions as the city engineer should deem to be requisite.

The ordinance also directed the manner in which the cost of

constructing sewers in said district should be assessed against the property in the vicinity, and collected from said property or the owner thereof.

The ordinance was passed under the act to revise the charter of the city which was passed by the legislature on the 19th day of March, 1866, by which it is provided that " the city council shall cause sewers to be constructed in said district whenever a majority of the property holders resident therein, shall petition therefor, or whenever the city council may deem such sewer necessary for sanitary or other purposes; and such sewer shall be of such dimensions as may be prescribed by ordinance and may be changed, enlarged or extended, and shall have all the necessary laterals, inlets and other appurtenances which may be required.

The City Engineer under the above named ordinance contracted with Jas. Creamer, for whose use this suit was brought, to do the work in constructing this sewer, for which the assessment was made against the property of appellant, and for which suit is brought. The contract under which the work was done, was entered into between the city and Creamer on the 30th day of March, 1867.

It is admitted that the work was completed under the contract, and an assessment made. A tax-bill issued for about the same amount and for the same work, under the law as it existed prior to the act of March 21st, 1870. The tax-bill sued on is for $440 38-100, and is admitted to be in due form, and it is indorsed thereon that it was issued under the act of re-assessment, approved March 21st, 1870. It is admitted by the parties, as appears by the bill of exceptions, that the special tax-bill sued on was a re-assessment under the act of March 21st, 1870 printed on page 456 and following of laws of Missouri 1870 and that said act may be read as a part of the case without being copied into the Bill of Exceptions.

No question is made in this case as to either the pleadings or the evidence, but the questions presented to this court are purely questions of law.

The defendant, after the close of the evidence, moved the court to declare the law to be as follows:

1st. "The court declares the law to be that under the issues and evidence in the case, the plaintiff is not entitled to recover."

2d. "If the sewer in question was constructed and completed and an assessment made for the cost thereof under an ordinance, and statute or statutes existing prior to the passage of the act approved March 21st, 1870, referred to in plaintiff's petition, and under which the alleged re-assessment was made upon which plaintiff now seeks to recover in this action, and if said act imposes upon defendant any obligation, or liability for which he was not bound or liable, or created any new bar to any defense, the defendant might have had to the claim if sued upon before the passage of that act, then it is retrospective or retroactive, and defendant cannot be made liable under the same."

3d. "The City of St. Louis as a municipal corporation must act strictly within the power confered by its charter, and if in establishing or constructing the sewer in question the said corporation, its agents or servants failed to conform to the provisions of its charter, or exceeded the powers conferred, then said defendant is not liable for the construction of said sewer, and the plaintiff cannot recover in this action."

4th. "If the act, referred to in plaintiff's petition, approved March 21st, 1870, under which the alleged re-assessment for the cost of the sewer in question was made, and upon which plaintiff now seeks to recover, imposes upon defendant any new obligation or liability, or creates any new bar to any defense the defendant might have had to the claim, if sued upon before the passage of that act, then it is retrospective or retroactive and defendant cannot be made liable under the same."

5th. "The power to establish sewer districts and to construct public sewers in the City of St. Louis is a trust delegated to the city as a municipal corporation, and which said corporation cannot delegate to other parties or persons. If therefore, ordinance No. 6001, purporting to be an ordinance to establish "Green Street Sewer District, No. 2" and to provide

for the construction of sewers therein (under which the sewer in question was constructed,) failed to prescribe the dimensions of the sewers to be built in said district, but left the same to the discretion of the City Engineer, said ordinance was illegal and void, and plaintiff cannot recover of defendant for work done under the same. "

These instructions or declarations of law were all refused, and no instructions given; to this action of the court, defendant excepted. The court then rendered judgment in favor of plaintiff against appellant for the amount of the tax-bill and interest, to be levied of the property assessed, &c.

After judgment was rendered appellant filed a motion for a new trial, and set out as causes, that the verdict is against the law; that it is against the evidence. That the court erred in refusing legal and proper instructions asked by the defendant; and because the verdict is against both law and the evidence, and should have been for the defendant.

The court overruled this motion and rendered a final judgment against the defendant, from which he appealed to the general term of the St. Louis Circuit Court, where the judgment rendered by the special term was affirmed, from which last judgment defendant appealed to this court.

This case comes here to be reviewed upon questions of law growing out of what are the admitted facts in the case. The only question for consideration, and upon which the decision in this court must turn, is as to whether the plaintiff can recover against the defendant by virtue of the act of the General Assembly of this State passed or approved March 21st, 1870, to authorize a re-assessment of the defendant's property for work done before the passage of the act and under a different law.

That the ordinance under which the work sued for was done, authorizing the construction of sewers " of such dimensions and of such materials, as may be deemed requisite by the City Engineer, " is not sufficient to justify the construction of the work, or to raise any obligation or responsibility on the part of the appellant to pay for the work done, this court has already decided in a case where the ordinance was identical

.with the one under which the work was done in the case under consideration. (City of St. Louis to the use of Murphy vs. Clemens, 43 Mo., 395, also Sheehan vs. Gleeson, 46 Mo., 100.) That question will therefore require no further consideration.

If the plaintiff can recover in this case it must recover by virtue of the provisions of the act of the 21st March, 1870. The preamble to that act explains its scope and objects it is as follows :

" Whereas the City Council of the City of St. Louis did ordain certain work to be done in macadamizing, curbing, guttering, paving, laying crosswalks in certain streets, paving and repairing sidewalks and construction of district sewers in the City of St. Louis, and said city did accordingly contract with divers persons to do said work, who were to receive special tax-bills therefor, to be collected from the property adjoining the streets where the work was done ; and whereas said ordinances failed to specify the material, dimensions, and other particulars as to how the work was to be done, which however was fully specified in the contract and the work done according to such specifications ; and in consequence thereof, many of the special tax-bills have not been collected, and said persons have in many instances been unable to collect payment for their work so done, now therefore be it enacted," &c.

The first section of the act then provides that "The City Engineer of the City of St. Louis is hereby authorized and empowered, and it shall be his duty to re-assess as a special tax within said City of St. Louis against the real property fronting upon the work done or situate in the respective district, the cost of the work done in macadamizing, curbing, guttering, paving and laying of crosswalks in streets and alleys, paving and repairing sidewalks and construction of district sewers, according to the provisions of an act entitled " An act to revise the City Charter of the City of St. Louis " approved March 13th 1867 in regard to the assessment of such special tax in all such cases where such work was done in accordance with contract and under authority of ordinance, but where, by any defect in such ordinance, the special tax-bills issued for such work remain uncollected.

The second section of the act provides that the re-assessment shall be made under the provisions of the act to revise the City Charter passed March 13th 1867. By the fourth section it is further provided that, the "City Engineer shall make out a certified bill of such re-assessment against each lot of ground upon which such tax may be assessed, and upon which the same may not have been paid, in the name of the owner thereof; said certified bill shall be delivered to the contractor for the work, who shall proceed to collect the same by the ordinary process of law in his name, and in case of absent owner, he or they may sue by attachment or by any other process known to the law, and every such certified bill shall be a lien against the lot of ground, &c."

Now it is admitted in this case that the work for which this suit is brought was done under the ordinance of the City passed on the 24th day of January 1867; and that the contract for the work with Creamer was made on the 30th day of March 1867; and the work was done and the assessments made therefor long before the passage of the act of March 21st 1870; and that the tax-bills sued on are for a re-assessment made under the act of March 21st 1870, for the same work.

The question then is, whether this act of the 21st of March 1870, authorizing a re-assessment of the work so previously done, could or does cure the defect in the ordinance under which the contract was made and the work done, so as to invest a right in the contractor to recover, and a liability on the part of the appellant to pay for the work done, when neither such right or liability existed at the time the work was completed; or, in other words, is the act of the 21st of March 1870, to be considered a retrospective act (so far as it is attempted to be applied to this case) within the prohibition of the constitution of this State, and therefore void?

It is contended by the respondent that the re-assessment and tax-bills upon which this suit is brought and the act of the 21st of March 1870, are, when taken together, only a proper exercise of the taxing power vested in the Legislature of the State, that taxes may be imposed before, at the time of or af-

ter the creation of the debt or liability to be paid thereby, and that this is true as well in reference to corporation or special taxes as to general taxes to be levied by the State. We are referred to the cases of Howell vs. The City of Buffalo, 37 N. Y., 267, and Schenly vs. Commonwealth, &c., 36 Penn. State R., 29 as well as other cases, to sustain the view of the law.

The first case named was brought to test the validity of an assessment made by the City of Buffalo upon the lands of the plaintiff and others, by virtue of an act of the Legislature to authorize the Common Council of the City of Buffalo to make re-assessment to defray the expenses of local improvements on a street in said City.

The City of Buffalo had power, under certain restrictions, to cause the streets to be paved, and to assess the expenses upon the lands to be benefited by the improvement in proportion to the benefit received. The City ordered a street to be improved, the improvement was made and the cost assessed on the adjoining property. The City after the work was done paid the Contractor the full amount for his work, a small portion of the amount having been received from parties whose property had been assessed. The balance was paid from the general fund of the City. An effort was made to collect the balance of the money which had been paid by the City from the parties whose property had been assessed therefor, upon which the order directing the improvement to be made was adjudged to be void for want of the City Assessor's certificate as required by law. The City then procured an act to be passed by the Legislature, by which it was enacted that the City Council, for the purpose of defraying the expenses of said improvements, were authorized to re-assess the sum remaining unpaid on the real estate benefited by the improvements. The City Council made the re-assessment and placed the roll of the re-assessment in the hands of the proper officer for collection. The suit was brought to enjoin the collection of the taxes so re-assessed, on the ground that said re-assessment was void. The ground relied on by the plaintiff in that case was, that to make the assessment valid the benefit must be conferred at

the time, and as a result and consequence of the making and collection of the assessments. That where that was not done, it violated the section of the Constitution which provides : "Nor shall private property be taken for public use without just compensation."

It was held in that case that the fact that the assessment was made after the improvement had been paid for by the City, and the owners of the property were enjoying the benefits, for the purpose of reimbursing the City, did not render the assessment unconstitutional ; that it did not violate the provision of the constitution which provides that private property shall not be taken for public use without just compensation. No question was made as to the law authorizing the reassessment being retrospective in its operation, and in fact there is no provision in the Constitution of New York prohibiting the passage of the retrospective law.

The case referred to in Pennsylvania presented this question : The City of Alleghany had passed an ordinance directing street improvements to be made, the improvements were made and an assessment made against the property benefited thereby ; the assessment if valid created a lien on the property assessed. After the assessment was made it was found that the ordinance under which the work was done had not been recorded as the law required, and was therefore void. The Legislature then passed an act validating said ordinance. One question in the case was as to the constitutionalty of the validating act. It was held by the Court that the Legislature, provided it violated no constitutional prohibition, might pass retrospective laws giving a party a remedy that he did not previously possess or removing an impediment in the way of legal proceedings.

The Legislature of a State can undoubtedly authorize or direct the levying of taxes to pay a pre-existing debt. This is done under the general taxing power incident to all governments, and may be exercised by the Legislature except where it is restrained by the Constitution. The most of the cases relied on by the plaintiff in this case grow out of the exercise

of this general power of taxation for general purposes ; or they originate in States where there is no constitutional prohibition to the passage of retrospective laws.

The assessments under consideration, authorized by the act of March 21st, 1870, are, it it is true, attempted to be derived from the taxing power; but they are not included in the general power of taxation for general purposes, and in fact could not be, for the constitution of this State requires all such taxes to be levied on property in proportion to its value.

It has been repeatedly held by this Court that the tax bills or assessments are not to be regarded in the light of general taxation, but are regarded as assessments for improvements and are not considered a burden which every person is placed under by virtue of being a member of the government and protected by its laws, but as an equivalent or compensation for the enhanced value which the property derives from the improvement. (Sheehan vs. The Good Samaritan Hospital, 50 Mo., 155, and cases there cited.) Hence the rules of law governing general taxation and the adjudication in reference thereto are not always applicable to cases growing out of these assessments.

But to return to the real question in this case : is the act of the 21st March 1870, under which the tax bill sued for in this case was and is assessed, a retrospective law coming within the prohibition contained in the Constitution of this State ?

It is said by Mr. Sedgwick after a thorough investigation of retrospective legislation, that " The result of this branch of our inquiry is, then, that the Legislature is competent to give a statute a retroactive or retrospective effect unless, first, the act violates the provision of the Federal Constitution in regard to *ex post facto* laws, and the obligation of contracts; second, unless it so interfere with the vested rights of property as not to come within the proper limits of the law-making power ; or, third, unless it comes within the purview of some express prohibition contained in a State Constitution." (Sedgwick on Statutory and Constitutional Law, page 202.)

The 28th section of the 1st article of the Constitution of

this State is as follows : " That no *ex post facto* law or law impairing the obligation of contracts or retrospective in its op. eration can be passed." Here is a positive prohibition against the passage of any law which is retrospective in its operation. There is nothing left for construction, we have only to ascertain what is defined to be a retrospective law, and if the law under consideration comes within the definition, the Constitution pronounces the judgment.

Sedgwick defines a retrospective law thus " A Statute which takes away or impairs any vested right acquired under existing laws, or creates a new obligation or imposes a new duty, or attaches a new disability in respect to transactions or considerations already passed, is to be deemed retrospective or retroactive." (Sedgwick Statutory Constitutional Laws, 188.)

Retrospective laws, even where they were not prohibited by a constitutional provision, were never favored, and it was this disfavor which induced the convention that framed the Constitution of this State to prohibit such legislation.

In the case of Hope Mutual Ins. Co., vs. Flynn, 38 Mo. R., 493, Judge Wagner who delivered the opinion of the Court, adopts and approves of the definition given by Sedgwick of a retrospective law, and says : "No new ground of support of an existing action ought to be created by legislative enactment, nor any legal bar which goes to deprive a party of his defense, &c." (See also Fowler vs. The City of St. Joseph, 37 Mo., 228.)

Now, taking the rule laid down by the above authorities for our guide, how can the law of the 21st of March, 1870, be upheld? The City of St. Louis, under the law as it stood when the contract was made and the work done for which the assessment was made for which this suit is brought, could only authorize the making of improvements of the kind in question so as to charge the adjoining property with the cost thereof, by a compliance with the requirements of her charter. This was not done in this case, so that the doing of the work by the contractor at the time created no obligation on the part of appellant to pay therefor, nor did it create any lien

on the property of the appellant to secure the payment of the cost of the work, nor did it create any right in favor of the Contractor to demand or recover the same from either the defendant or his property, either in the name of the City for his use or otherwise. If the Charter had been complied with, it is expressly provided that the City shall be in no way bound to pay for the work done, but the contractor looks to the adjoining property and his lien thereon for his pay. No such right or liability was created in the present case unless it is created for the first time by the act of 21st of March, 1870. How then can we say that this act does not create a new right in favor of the contractor and incur a new liability on the part of the defendant. In fact the act in its preamble professes on its face to be intended only to operate in a retrospective way, at least so far as the work for which this suit is brought is concerned. To my mind this law comes exactly within the definition to be given to a retrospective law. Whatever we may think of the hardship or misfortune involved in a particular case, where the law is clear we are bound to enforce it.

The instructions asked for by the defendant and refused by the St. Louis Circuit Court ought to have been given and judgment rendered for the defendant. The Court below having refused said instructions and rendered judgment for plaintiff, said judgment ought to be reversed.

The other judges concurring, the judgment of said Circuit Court at General Term, as well as the judgment at Special Term are hereby reversed.