CLYDE M. CHRISTINE v. HERMAN C. G. LUYTIES, Appellant.

Division Two, January 6, 1920.

1. **REFERENCE: Law Case: Appellate Practice.** In an action at law, tried by the court without a jury and without instructions asked or given, in which the report of the referee was confirmed, to support which there was substantial evidence, the appellate court is concluded by the judgment rendered, except as to errors committed in receiving or rejecting evidence.

2. ————: ————: ————: **Act of 1919: Retrospective Operation.** The Act of 1919, Laws 1919, page 213, requiring the appellate court, in all cases in which a referee has been appointed and made a report, upon exceptions properly preserved, to review the evidence and findings of fact and conclusions of law of the referee and the trial court, expresses no intention on its face that it shall have a retrospective operation, and therefore it does not apply to appeals taken before it went into effect.

3. ————: **Contract and Quantum Meruit: Measure of Recovery.** Where plaintiff sued in his first count on an oral contract and in the second on *quantum meruit*, for services rendered, and defendant's answer set up a different contract, and the evidence fails to show that either contract as alleged was made, the measure of defendant's liability is not limited by the terms of either, but having proven that his services were rendered at the special instance and request of defendant plaintiff is entitled to recover on *quantum meruit* the amount of their reasonable value, as established by the evidence.

4. **EVIDENCE: Exhibit: Materiality of Error Must Be Pointed Out.** If appellant considers that a statement in writing signed by a witness should have been admitted in evidence for the purpose of impeachment, it is his duty to point out from the record the testimony showing its materiality, the ruling thereon and the witness's testimony in explanation of the same; otherwise, the assignment will not be ruled.

5. ————: **Costs: Apportionment.** Where plaintiff sued on two counts, on a contract in the first and on *quantum meruit* in the second,

Christine v. Luyties.

and defendant set up a different contract in his answer to the first and a general denial to ·the second, and a counterclaim to both, and neither contract was established by the evidence and little evidence concerning either was adduced, and the main costs incurred were due to the defenses and counterclaims to both counts, and the trial resulted in a judgment against plaintiff on the first count and a substantial judgment for him on the second, and against defendant on both of his counterclaims, there is no basis for apportioning the costs, but they should all, including the referee's and the stenographer's allowances, be taxed against defendant.

Appeal from St. Louis City Circuit Court.—*Hon. Benjamin K. Klene,* Judge.

AFFIRMED.

*A. & H. N. Arnstein* for appellant.

(1) The filing of a counterclaim for damages for alleged breaches of contract does not abrogate the contract so far as the other party is concerned, and his right of recovery, if any, is still limited by the terms of the contract, subject to a deduction for the amount of damages, if any, awarded on the counterclaim. Moore v. Gaus & Sons Mfg. Co., 113 Mo. 98. (2) In an action upon *quantum meruit,* where there is a contract governing the amount of the plaintiff's compensation, the amount of recovery is, in all cases, limited by the contract. 5 Corpus Juris, p. 1411, sec. 91-A; Johnston v. Star Bucket Pump Co., 274 Mo. 414; American Surety Co. v. Fruin-Bambrick Construction Co., 182 Mo. App. 667; Daniel v. McDaniels, 184 Mo. App. 354; Owen v. Hadley, 186 Mo. App. 1; Moore v. Gaus & Sons Mfg. Co., 113 Mo. 98; Williams v. Chicago, etc., Ry. Co., 112 Mo. 463; Yeats v. Ballentine, 56 Mo. 538; Evermann v. Cemetery Assn., 61 Mo. 489; Mansur v. Botts, 80 Mo. 651. (3) Changes or additions do not operate to rescind or abrogate the builder's contract. 9 Corpus Juris, p. 721, sec. 55-E; Haynes, Spencer & Co. v. Second Baptist Church, 88 Mo. 285; Phillippi v. McClain, 5 Mo. App. 586; Menne v. Neumeister, 25 Mo. App. 500; Beggs v. Shelton, 173 Mo. App. 127. (4)

27—280 Mo.

Where parties engage in a joint venture, all expenses should be computed in order to determine the profit on such venture. And where the transaction involves the acquisition or improvement of unoccupied real estate, interest, taxes and the cost of general improvements are necessarily chargeable. Campbell v. Northwest Eckington Improvement Co., 229 U. S. 561, 57 L. Ed. 1331; Barry v. Bernays, 162 Mo. App. 27. (5) A written statement of a witness, if contradictory to his oral testimony, is always admissible in evidence to impeach him. Hence the statement of disbursements on the Kenwood venture, showing the cost of general improvements, as a charge against the profits, made by the witness Dowler, being Exhibit 182, should not have been excluded. Farrar v. Metropolitan Street Ry. Co., 249 Mo. 210; Prewitt v. Martin, 59 Mo. 325; Sullivan v. Jefferson Avenue Ry. Co., 133 Mo. 1; Spoonemore. v. Cables, 66 Mo. 579; Greenleaf, Evidence, sec. 465. (6) Where a builder agrees to construct houses for a specified sum, the cost to the owner, above such sum, may be recovered from the builder, as for breach of contract. 9 Corpus Juris, 809, sec. 148; Ib., 735, sec. 74. (7) Where there is more than one count in a petition, and plaintiff fails to recover on all counts, the court should apportion the costs, especially where substantial costs were incurred in connection with the counts upon which plaintiff failed to recover. Link v. Hathaway, 143 Mo. App. 502; R. S. 1909, secs. 1971, 2266.

*Johnson, Houts, Marlatt & Hawes* and *Earl M. Pirkey* for respondent.

(1) In a case tried without a jury where the appellate court passes on the evidence, rulings on evidence are not reversible error. Home Telephone Co. v. Carthage, 235 Mo. 658; Hanson v. Neal, 215 Mo. 271. (2) Where performance is hindered by the other party a suit on *quantum meruit* will lie and plaintiff is not in such case limited to the contract price. Joern v. Bang, 200 S. W. 737; Johnston v. Star Bucket Pump Co., 274 Mo. 414.

RAILEY, C.—This action was commenced by plaintiff in the Circuit Court of the City of St. Louis, Missouri, on October 27, 1911, in two counts. The first is based upon an alleged contract between plaintiff and defendant, in regard to the construction of thirty-two houses at Kenwood, St. Louis County, Missouri, upon land owned by defendant, located a short distance northwest of the City of St. Louis. The second, is upon a *quantum meruit,* based upon substantially the same facts as are pleaded in the first count of petition.

The first count alleges, in substance, that, about the first of April, 1907, plaintiff and defendant entered into an oral agreement by the terms of which plaintiff agreed to superintend the erection of thirty-two houses on defendant's land at Kenwood, and was to receive, as compensation therefor, two per cent of the cost of labor and materials expended in and about the erection of said houses, and also twenty-five per cent of the profits which should accrue to defendant from time to time on the sale of said houses, and the lots on which they were to be located; that defendant guaranteed to plaintiff that the profits on each house, erected under said agreement, including the lot or lots, should not be less than two hundred and fifty dollars, and that in case any of the houses should not be sold at their completion, plaintiff should receive two hundred and fifty dollars on such unsold houses; that plaintiff superintended the erection of said houses; that two per cent of the total cost of the labor and materials in said buildings and houses amounted to $1,719.46. Said count sets out the cost of labor and material in each of said houses, amounting in the aggregate to $85,974.02. It is then alleged that, after deducting the value of the lots, on which the buildings were to be located, the profits on ten of said houses, was 25 per cent of $12,516.46, or $3,129.11; that under said guaranty, plaintiff was entitled to receive, on the sale of the remaining 22 lots, $5,500; that by virtue of said contract, plaintiff is entitled to $10,348.57, less the sum of $405, paid by de-

fendant, leaving the sum of $9,943.57, for which he prays judgment, with 6 per cent interest from January 1, 1909.

Appellant, in his amended answer to said first count, denies each and every allegation therein; and alleges that he was the owner of the Kenwood lots, on April 1, 1907; that on or about said date, he entered into a contract with plaintiff, as a contractor and builder, to superintend the erection of thirty-two houses, upon lots owned by defendant; that plaintiff was to purchase the material and furnish the labor, all of which was to be paid for by defendant; that before the work was commenced, it was agreed between them as to what each of said houses should cost in their erection; that plaintiff was to receive for his services, in superintending said work, two per cent of the cost of material and labor, and twenty-five per cent of the net profits which should be realized by defendant from said houses; that the two per cent commission was to be included in computing the cost of said houses; that the price of the lots from time to time was to be fixed by defendant · prior to the erection of the houses; that, as constituting a part of the cost of said houses, interest upon the money advanced was to be added until the houses were sold and paid for; that the cost of erecting a depot at Kenwood, a sewer system placed in said subdivision, septic tank, streets and sidewalks and all other general expenses, including advertising, printing, telephone service, salaries, commissions on sales, taxes, street lights and insurance, together with interest thereon, were to be apportioned against each lot, in proportion that the number of lots, upon which said houses were to be erected, should bear to the total number of lots then owned by defendant in said subdivision.

It is alleged, that in pursuance of · said contract, there were thirty-two houses erected upon forty lots in said sub-division, between April 1, 1907, and September 1, 1907; that the value of the lots built upon were,

from time to time, agreed upon, before the construction
of said houses was commenced; that the total amount
expended by defendant, in the erection of said houses,
is $93,828.82; that the price at which said houses were
to be erected by plaintiff, is $63,644.01; that the value
agreed upon for the respective lots is $29,330; that the
two per cent commission to plaintiff upon the cost of
said houses is $1,875.57; that the total cost of said
houses is $95,705.39; that the cost of the depot was
$206; the sewer system, $8,126.86; septic tank, $637.14;
general expenses, including advertising, printing, tele-
phone service, salaries, commissions on sales, taxes up
to January 1, 1908, street lights and insurance, $25,566.-
93, and the making of streets and sidewalks, $14,030,
making a total of $48,557.02; that one-fourth of said
last named sum was to be added on account of the extra
lots occupied by the buildings, amounting to $12,139.25;
that the total cost of said buildings, without interest
and without the lots, is $107,844.64; that the interest
and taxes accrued to date, on said lots, is $10,000, mak-
ing the total cost, $117,844.64; that the excess cost of
said houses, over the figures at which they were to be
erected by plaintiff, is $30,184.81; that there remained
on hand and unsold the buildings upon lot 9, block 4;
lot 13, block 4; lot 45, block 5; lot 25, block 6; lot 43,
block 6; lot 37, block 6; lot 11, block 2; lots 40 and
41, block 6; that the reasonable value of said eight
houses, exclusive of the lots, on which they are located,
is $15,000; that the total amount realized from the
twenty-four houses sold, is $79,635.10, which, added to
the $15,000, makes $94,635.10, exclusive of the value of
the lots, resulting in a net loss to defendant of $23,209.-
54.

It is further alleged, that said houses were negli-
gently constructed at a cost largely in excess of the
price at which they were to be erected, to the damage
of defendant in the sum of $30,184.81; that amongst
the houses plaintiff contracted to erect for defendant,
under the contract aforesaid, was a building on lots 40

and 41, of block 6, in Kenwood Springs; that on October 2, 1911, plaintiff sued in the justice's court of Henry Pfeffle, to recover $369.77, alleged to be due him as compensation for the erection of the building on said lots 40 and 41; that said case was tried by Justice Frank M. Kleiber and is now under submission before him; that while said action was pending, this suit was brought covering the same cause of action; that by reason of foregoing, plaintiff has split his cause of action; that by reason thereof, this action should be abated.

The second count of the petition is on *quantum meruit*, for services in superintending the erection of said thirty-two buildings in 1907-8. Said services, consisted of making plans and sketches, employing and discharging men, passing on accounts and bids, overseeing the work, letting contracts for part, ordering materials, making estimates for the work, advising defendant concerning same, etc.; that the services aforesaid were reasonably worth $9,943.57, for which judgment was asked.

The amended answer to the second count contains a general denial, and pleads substantially the same facts as are set out heretofore by way of answer to first count of petition. The defenses pleaded in the amended answer were substantially as follows:

First. A general denial.

Second. It is claimed, by way of defense, that plaintiff agreed to erect the houses at a certain price, and that the cost of the houses exceeded the price $30-184.81, to defendant's net loss of $23,209.54.

Third. A plea of abatement, based on the fact that plaintiff sued in a justice's court upon a part of the same cause of action pleaded herein (This defense is eliminated by defendant).

Fourth. By way of defense, a plea that plaintiff negligently and carelessly erected said houses at a cost in excess of the price at which plaintiff agreed to erect the same to defendant's loss in the sum of $30,184.81.

Fifth. A counterclaim was pleaded, based on the allegation that plaintiff carelessly and negligently erected said houses, and that the cost of same exceeded the price agreed upon in the sum of $30,184.81, to defendant's damage, for which he asks judgment.

The reply to the new matter in the amended answer is a general denial.

The evidence taken before the referee, Judge Homer, covered a wide range, and comprises over 1100 pages of oral testimony, aside from the exhibits.

The referee, in his report, states his conclusions as to the facts, as follows:

"It appears from the conversation which plaintiff and defendant had in April, 1907, that they entered into the following agreement: The plaintiff promised and agreed to superintend the erection of certain buildings on certain lots owned by defendant, located in United States Survey 1913, at Kenwood, St. Louis County, Missouri, take general charge of the construction of the said houses, furnish the plans, O. K. the accounts, and the defendant agreed to pay him an amount equal to two per cent of the total cost of the construction of the houses and buildings and twenty-five per cent of the profits accruing therefrom.

"I conclude that there was no agreement on the part of the defendant to guarantee the plaintiff any specific profit on any house, and that the defendant did not guarantee to pay the plaintiff a profit of two hundred and fifty dollars on each house, if the same did not sell at a profit of one thousand dollars.

"I conclude that there was no agreement on the part of the plaintiff to build the houses for any specific amount, and further, that, after many of the houses were finished by the plaintiff, the defendant ordered him to make many changes therein, and that the said changes greatly enhanced the cost of the undertaking, and that these changes were not in the minds of the parties at the time they entered into the agreement.

"I find no evidence to indicate that the defendant was dissatisfied with the work of the plaintiff until after he had accepted the houses.

"I find that there was an agreement for superintending certain work done in making sidewalks, streets, septic tanks, and other general improvements, which work the plaintiff superintended for the defendant, but I find the same was not a part of the agreement sued for and that the defendant was not indebted to the plaintiff for this work.

"Defendant, by his counterclaim, proves there is no doubt, that the cost of the houses greatly exceeded the original plans of the defendant, but this is not proven to be due to any fault of the plaintiff, and so through lack of evidence to the contrary, I am obliged to assume that the failure of the plaintiff to build the houses at a cost perhaps contemplated in the beginning by the defendant, was not due in any way to plaintiff's fault.

"Owing to the defendant's failure to prove, through competent evidence, his allegations in said counterclaim, that the increased cost of the houses was due to the carelessness and negligence of the plaintiff in his work, and his further failure to prove any agreement, on the part of the plaintiff, to build the houses at the cost which he alleges, I am obliged to find for the plaintiff on both of the defendant's counterclaims."

In his report, the referee made the following recommendation as to the judgment which should be entered, to-wit:

"I recommend that judgment be rendered for plaintiff upon the second count of said petition for seven per cent of $85,974.02, of $6,018.18, deducting from this amount the sum of $405, which leaves $5,613.18, and interest at the rate of six per cent from the 27th day of October, 1911, which amounts to $1,835, or a total amount of $7,448.18. I recommend that the first count of plaintiff's petition be dismissed.

"I further recommend a judgment for plaintiff on both of the defendant's counterclaims."

Defendant, in due time, filed his exceptions to the report of the referee, and alleged twenty-five grounds in support of same.

The trial court overruled said exceptions, and entered the following judgment herein:

"The exceptions heretofore filed by the defendant to the referee's report in the above-entitled cause coming on for hearing, come the parties hereto, by their respective attorneys, and submit to the court the referee's report, filed herein on the 9th day of April, 1917, together with transcript of the testimony filed therewith, and the exhibits accompanying the said report; and also submit to the court the said exceptions to said report, and the court, having seen and examined and duly considered the same, and being now fully advised in the premises, doth order that all of said exceptions to said report be, and the same are hereby, overruled; and the court, being satisfied that the said report of the referee is just and correct, it is further ordered and adjudged that said report be and the same is, in all things, hereby approved, confirmed, and held as firm and effectual forever; and, it appearing to the court from said report that the referee recommends that the first count of the plaintiff's petition be dismissed, and that judgment be entered in favor of plaintiff, and against the defendant, on both of the defendant's counterclaims, and that judgment be ordered in favor of plaintiff, and against defendant, upon the second count of the plaintiff's petition for seven per cent of $85,974.02, or $6,018.18, deducting from this amount the sum of $405, which leaves $5,613.18, together with interest at the rate of six per cent from the 27th day of October, 1911; it is, therefore, considered and adjudged by the court that the first count of the plaintiff's petition be dismissed, and that the defendant take nothing by his counterclaims herein, but that the plaintiff be discharged, and go hence without day as to both of the defendant's said counterclaims; it is further ordered and adjudged by the court that the plaintiff have and recover of the de-

fendant, upon the second count of his petition, the sum of $7,487.01 (being the net amount recommended by the referee, to-wit, said sum of $5,613.18, with interest herein from October 27, 1911, to this date, added, said interest amounting to the sum of $1,873.83), and also recover of the defendant the costs of this proceeding, and have therefor execution; the court doth further order and adjudge that William B. Homer, Esq., the referee in this proceeding, be allowed the sum of $1,000 in full for his services as such referee, and that said allowance be taxed as costs in this proceeding; and it is further ordered and adjudged that there be allowed and taxed as costs in favor of Oliver J. Taylor the sum of $581.85 for stenographic services rendered him in taking down and transcribing the proceedings had before said referee.''

Defendant, in due time, filed his motion for a new trial and a motion to apportion the costs. Both motions were overruled, and the cause appealed by defendant to this court.

I. This is an action at law, was tried in the court below without a jury, and without any instructions having been asked or given. The report of the referee, was confirmed and judgment entered accordingly. The trial court had before it substantial evidence sustaining the judgment as rendered. If no error has been committed in receiving or rejecting testimony, we are concluded by the judgment of the trial court, unless the Act of 1919, approved May 29, 1919 (Laws 1919, p. 213), has become effective, so as to require us to review the evidence, findings of fact, and conclusions of law of the referee and trial court, and to give such judgment as shall be conformable to the law on the evidence. [Roloson v. Riggs, 274 Mo. l. c. 528, and cases cited.]

II. Section 1 of the Act of 1919, supra, reads as follows:

''On appeals in all cases, whether law or equity, in which a referee has been appointed and made a report,

the appellate court shall, on exceptions properly pre-
served, review the evidence and
the findings of fact and conclusions
of law of the referee and the trial court, and give such
judgment as shall be conformable to the law on the
evidence.''

Retrospective Operation.

There is nothing on the face of this section to in-
dicate that the law-making power intended that it should
have other than a prospective operation.

Section 15 of Article II of the present Constitution,
provides: ''That no . . . law, . . . retrospec-
tive in its operation, . . . can be passed by the Gen-
eral Assembly.''

In State ex rel. v. Dirckx, 211 Mo. l. c. 577-8, GANTT,
J., speaking for Court in Banc, said:

''The settled rule of construction in this State, ap-
plicable alike to the constitutional and statutory provi-
sions, is that, unless a different intent is evident beyond
reasonable question, they are to be construed as having
a prospective operation only. [State ex rel. v. Greer,
78 Mo. l. c. 190; State ex rel. v. Frazier, 98 Mo. 426;
Leete v. Bank, 141 Mo. 574; Shields v. Johnson County,
144 Mo. 76; Cooley on Constitutional Lim. (6 Ed.) p.
77; Shreveport v. Cole, 129 U. S. 36.]''

In State ex rel. v. Wright, 251 Mo. l. c. 344, FARIS,
J., speaking for Court in Banc, said:

''This rule is also in consonance with the text-book
law: 'It is well-settled rule of construction that laws re-
late to the future, and are not to be construed retro-
spectively, or to have a retrospective effect, unless it
shall clearly appear that it was so intended by the Leg-
islature, and unless such construction is absolutely nec-
essary to give meaning to the language used. [6 Am.
& Eng. Ency. Law, p. 939.] In every case of doubt the
doubt must be resolved against the retrospective effect.'
[36 Cyc. 1208.]''

To the same legal effect are the following cases:
Taff v. Tallman, 209 S. W. l. c. 870; State v. Hack-
mann, 199 S. W. 990; Mitchell v. Sparlin, 255 Mo. l. c.

126-7-8; Bridge Co. v. Corrigan, 251 Mo. 667; Craig v. Railroad, 248 Mo. 270; Mayhew v. Todisman, 246 Mo. l. c. 292; Leete v. Bank of St. Louis, 141 Mo. 574; Bell v. McCoy, 136 Mo. l. c. 561; City of St. Louis to use v. Clemens, 52 Mo. 133, l. c. 144; Barton County v. Walser, 47 Mo. l. c. 200-1; Hope Mut. Ins. Co. v. Flynn, 38 Mo. 483-484; Secs. 8062, 8063, 8064, R. S. 1909.

In a number of the above cases, we were construing acts of the General Assembly, to determine whether they should be given a retrospective or prospective operation. Many of these acts were much more favorable to defendant's contention than the one now under consideration, and yet they were held to be prospective only in their operation. The judgment of the trial court in this case, was rendered on May 21, 1917, and the transcript filed here on September 6, 1917. During the pendency of all this litigation, and up to the time of the passage of the act in question by the last General Assembly; the law in this jurisdiction was settled to the effect that in an action at law, where the referee's report was confirmed, if sustained by substantial evidence, it was to be treated as a special verdict, and the facts could not be reviewed in this court. [Berthold v. O'Hara, 121 Mo. l. c. 97; St. Louis to use v. Parker-Washington Co., 271 Mo. l. c. 240-1; Roloson v. Riggs, 274 Mo. l. c. 528, 203 S. W. l. c. 975.] So that, when the last Legislature convened, this court had jurisdiction over the case, and on a record which precluded us from reviewing the facts, as found by the referee and trial court. To give the act in controversy a retrospective operation under such circumstances, would not only be in plain contravention of Section 15 of Article II of our Constitution heretofore set out, but would likewise be in conflict with the rulings of this court, as well as the policy of the law, declared in the enactment of Sections 8062, 8063 and 8064, Revised Statutes 1909. We, therefore, hold that this case must be disposed of as though the Act of 1919, supra, had never been enacted.

III. In order to obtain a clear idea of the issues and facts in the case, notwithstanding the law as declared in the preceding proposition, we have read all of the 1100 pages of oral testimony, and examined the various exhibits set out in the voluminous record before us. We have been very favorably im-

**Evidence Examined.**

pressed with the patience, fairness and ability displayed by the referee in all of the proceedings herein. He had before him the large number of witnesses, who testified in the case and, hence, was in much better position than we, to weigh the conflicting and irreconcilable testimony given by them. We are of the opinion, however, that the report of the referee, as confirmed by the trial court, is sustained by the evidence, and should not be disturbed, unless we find that prejudicial error was committed during the progress of the trial before the referee, in respect to the admission or rejection of testimony.

IV. It is contended by appellant that, if plaintiff is permitted to recover, the measure of defendant's liability should be limited by the terms of the contract, subject to a deduction for the

**Measure of Recovery.**

amount of damages, if any, awarded on the counterclaim.

It may be observed in passing, that we agree with the referee in holding that defendant failed to offer sufficient proof to sustain his counterclaim or any part of same.

It is clear from the finding of the referee, and as shown by the record, that plaintiff failed to establish by the evidence all the provisions of the agreement which he claimed to have made with defendant. For instance, plaintiff did not prove by the greater weight of the evidence that defendant guaranteed to him a profit of $250 on each of said thirty-two houses when constructed. Nor did he prove by sufficient evidence that the work which he did in making sidewalks, streets, septic tanks and other general improvements, was to be

considered a part of the contract alleged in the petition. On the other hand, the referee found, and the weight of the evidence shows, that there was no agreement between plaintiff and defendant which required the former to build said houses for any specific amount. Again, after many of the houses were finished by plaintiff, defendant ordered him to make changes therein, which greatly enhanced the cost of such buildings, and which said changes were not in the minds of the parties at the time they entered into the agreement.

In other words, the defendant denies that he made the contract as alleged by plaintiff in the first count of petition. On the other hand, plaintiff denies that he made the contract as alleged by defendant in his answer. We agree with the referee, that neither plaintiff nor defendant sustained their respective contracts as alleged. The court, therefore, on the recommendation of the referee, dismissed the first count of the petition, and found for plaintiff on the counterclaim. The plaintiff was accordingly relegated to his action of *quantum meruit* and proved to the satisfaction of the referee and trial court, that the reasonable value of the services rendered by him for defendant, at the special instance and request of the latter, was the amount for which judgment was rendered, being seven per cent of the $85,974.02, or $6,018.18, less the $405 paid by defendant, with six per cent interest from October 27, 1911, amounting in the aggregate to $7,448.18.

It is evident from reading the record, that the minds of the parties never met upon the proposition as to the full compensation which plaintiff was to receive for doing said work. There was no contract shown by either party fixing definitely the compensation which plaintiff was to receive and, hence, the compensation which he was entitled to recover, under the second count in his action of *quantum meruit*, could not be regulated by the unsettled terms of the agreement set up in the first count.

In view of the foregoing, we do not consider it necessary to review the authorities cited by appellant in relation to this subject, as they do not apply.

V.   Appellant insists that his Exhibit 182, being a statement in writing signed by witness Dowler, should have been admitted in evidence to impeach said witness.

It is not the province of this court to wade through a 1300 page record and locate, if possible, what occurred when said exhibit was offered in evidence.   If counsel

**Pointing Out Error.**

thought the ruling on this exhibit was important, he should have pointed out to us from the record the testimony before the court, in reference to said exhibit, showing its materiality with reference to the second count, the ruling of the court thereon, and the explanation, if any, of the witness, in respect to the statement.   Having failed to furnish the court any information as to what occurred in respect to said exhibit, and where found, we overrule the above contention.

VI.   Appellant finally contends that, as plaintiff failed to recover on the first count, the costs should be apportioned.

In our opinion, this contention is untenable.   Defendant set up substantially, if not literally, all of his defenses and counterclaims as to each count of petition,

**Costs.**

as will more fully appear by reference to our preceding statement.   The defendant did not see fit to ask for a separate trial as to each count (Sec. 1971, R. S. 1909), nor did the plaintiff.   Both parties put in their entire evidence under both counts.   The judgment went against defendant as to the merits on the second count, and as against defendant upon both counts, in respect to his counterclaims.   The main contention in the first count was over the question as to whether the plaintiff had proven his contract as alleged. There was but little evidence concerning this subject, and the costs would have amounted to very little.   The

main costs were largely due to the defenses and counterclaims which were common to both counts.

We are of the opinion that the trial court was not guilty of an abuse of its discretion, in overruling said motion to apportion the costs.

VII.  We have spent more than a week in reading the record and considering this case.  The referee, in his rulings, was fair and impartial and, in our opinion,

**Conclusion.**  reached a correct solution of the questions involved.  The judgment of the trial court, confirming the report of the referee, is sustained by both the law and the evidence in the case, and is accordingly affirmed.

*White* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court.  All of the judges concur.