## NAPOLEON HILL COTTON COMPANY, Respondent, v. STIX, BAER & FULLER DRY GOODS COMPANY, Appellant.

St. Louis Court of Appeals. Opinion Filed January 6, 1920.

1. CORPORATIONS: Misapplication of Corporate Funds by Officers: Corporate Checks for Personal Obligations: Liability of Payee. Prior to the provisions of Laws of 1917, p. 143, one accepting corporate checks drawn by an officer thereof in payment of his private obligations took the risk of being required to restore the proceeds thereof in the event the corporate funds were thereby misapplied.

2. ———: ———: ———: Evidence: Burden of Proof on Payee. Where defendant admits that it has received corporate checks drawn by an officer in payment of his private obligations, the burden of showing such officer's authority to draw upon the corporate funds for private purposes is upon the defendant.

3. ——— :———: ———: Notice: Checks Carry Notice of Irregularity on Face. Corporate checks which the defendant admits receipt of in payment of the individual indebtedness of an individual officer of the plaintiff company, and not in payment of any indebtedness of the plaintiff to the defendant, carry upon their face notice of the irregular and illegal character thereof.

4. ———: ———: ———: Evidence: Directed Verdict. Evidence that an officer of plaintiff corporation had drawn corporate checks for payment of his personal obligations in favor of defendant, etc., *held* to sustain a directed verdict for plaintiff.

5. Interest: Recoverable on Misapplied Corporate Checks. In an action to recover, as for money had and received, the amounts of checks which an officer of plaintiff corporation had wrongfully checked out to defendant in payment of his personal obligations, plaintiff may recover interest on the amount of the respective checks from their respective dates under section 7179, Revised Statutes 1909.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Charles B. Davis*, Judge.

AFFIRMED.

*Taylor, Mayer & Shifrin* for appellant.

(1) The court erred in peremptorily instructing the jury to include in its verdict interest on the amounts of the respective checks from the respective dates thereof. 2 R. S. 1909, sec. 7179; Dougherty v. Chapman, 29 Mo. App. 233, 241; Simmons Hardware Co. v. City of St. Louis, Mo. Sup. Div. 1, 192 S. W. 394, 399; McDonald v. Loewen, 145 Mo. App. 49, 130 S. W. 56; Burgess v. Cave, 52 Mo. 43. (2) The verdict is excessive for that interest was allowed on the respective amounts of the two checks from their respective dates (September 30, 1911, and September 30, 1912), when there is nothing in the record to show any demand prior to December 9, 1915, when a demand letter was alleged to have been written by respondent to appellant. In the absence of an agreement to pay interest, this being a suit *in assumpsit* on an implied contract, interest can be recovered only from date of demand, as proved, or, if no demand has been proved, then from the date of filing suit. See authorities, cited under 1, supra.

*H. R. Boyd, W. M. Fitch* and *Homer Hall* for respondent.

(1) The plaintiff is entitled as a matter of right to interest at six per cent per annum on the amount of its money which defendant collected on the checks in suit from the date defendant received the money. The court therefore correctly instructed the jury to allow interest from the dates of the checks. Section 7179, R. S. 1909; Arthur v. Wheeler & Wilson Mfg. Co., 12 Mo. App. 335; Padley v. Catterlin, 64 Mo. App. 629, 648; York v. Farmers Bank, 105 Mo. App. 127, 140; State ex rel. v. Seavey & Flarsheim, 137 Mo. App. 9; Lack v. Brecht, 166 Mo. 242, 261, 22 Cyc. 1506. (2) A check drawn by an officer of a corporation on the funds of the corporation to pay his individual debt carries notice on its face that it is irregular and illegal, and any person accept-

ing such check does so at his peril and must return the amount so received when called upon by the corporation. Lee v. Smith, 84 Mo. 304;   St. Charles Savings Bank v. Edwards, 243 Mo. 553, 564;   Kitchens v. Teasdale Com. Co., 105 Mo. App. 463, 469;   St. Louis Charcoal Co. v. Lewis, 154 Mo. App. 548, 551;   Coleman v. Stock, 159 Mo. App. 43;   St. Charles Sav. Bank v. Orthwein Inv. Co., 160 Mo. App. 369;   McCullam v. Buckingham Hotel Co., 198 Mo. App. 107, 199 S. W. 417;   Reynolds v. Union Station Bank, 198 Mo. App. 323, 200 S. W. 711; Walton v. Chalmers, 205 S. W. 90.   (3) The defendant admitted that it received the plaintiff's money on the checks and applied the same on the individual indebtedness of plaintiff's treasurer.   The burden was upon defendant to overcome the presumption of illegality.   The defendant offered no proof sufficient to overcome the presumption and the court did right in directing a verdict for plaintiff.   St. Charles Savings Bank v. Orthwein Inv. Co., 160 Mo. App. 369, 379;   St. Louis Charcoal Co. v. Lewis, 154 Mo. App. 548.   (4) The court committed no error in excluding the offer of the paragraph from the minute book showing the proceedings of plaintiff's board on June 5, 1915.   The defendant did not plead a settlement and therefore the evidence was incompetent and was properly excluded, even if it had tended to prove a settlement of the checks, which it did not. Kitchens v. Teasdale Com. Co., 105 Mo. App. 463.

BECKER, J.—This suit was brought to recover, as for money had and received, the amounts of two checks; one dated September 30, 1911, for $117.16, and the other dated September 30, 1912, for $77.45.   The case was tried to a jury and at the conclusion of all the testimony the court gave the jury two peremptory instructions, one covering the first count and the other the second count of the petition, by the terms of which the jury were required to find for the plaintiff for sums equal to the full amount of each check and in addition thereto to allow plaintiff interest thereon from the respective dates of said checks.   Judgment was en-

tered on the verdict of the jury rendered in conformity with the peremptory instructions, and the defendant in due course appeals.

The record discloses that the facts in this case are practically undisputed. It appears that the plaintiff for many years prior to October, 1912, maintained an office in the city of St. Louis and had one R. W. Upshaw, in charge and control of this office in the capacity of secretary and treasurer of the company and resident manager. Upshaw had authority to draw checks against the plaintiff's bank account. His salary was $300 per month, and with plaintiff's knowledge and consent was accustomed, as secretary and treasurer, to draw checks payable to himself for his salary. During the times in question in this suit the chief officers of the plaintiff company, with the exception of Upshaw, resided at Memphis, Tennessee.

The defendant company owns and operates a large department store, and Upshaw for many years prior to 1915 was one of its customers and had a charge account with it.

Each of the checks in question was made payable to the order of Upshaw and was signed by him as secretary and treasurer of the plaintiff company, and was drawn upon the Boatmen's Bank in St. Louis. Each check bears the endorsements of Upshaw, the defendant, and the bank through which it was cleared. The attorneys for the defendant, at the trial, admitted that each of the checks sued upon was received by the defendant in payment of the individual indebtedness of said Upshaw and not in payment of any indebtedness of the plaintiff to the defendant.

Upshaw's accounts with the plaintiff company were examined in 1913 and it was found that his account was overdrawn. A more careful audit of the books of the plaintiff company was made in 1914, which audit revealed the fact that on the date of the first check Upshaw had overdrawn his account to an extent of more than $3000 and to an extent of more than $4000 on the date

on which the second check was drawn. Upshaw was continued as secretary and treasurer of the plaintiff company and as its resident manager at St. Louis until May, 1914.

Plaintiff did not learn of the existence of the checks in question until four or five months prior to December 9, 1915, on which date the plaintiff demanded payment, by letter, of the defendant of the sums obtained by it on each of said checks. It further appears that the defendant had never heard Upshaw's overdraft, nor of any claims of the plaintiff against the defendant, until December 9, 1915.

It had become the well settled law of this State (prior to the provisions of the act of the Legislature of 1917, Laws of 1917, page 143) that one accepting corporate checks drawn by an officer thereof, in payment of his private obligations, takes the risk of being required to restore the proceeds thereof in the event that the corporate funds were thereby misapplied, and when, as here, the defendant admits it has received the corporate checks drawn by an officer in payment of his private obligations, the burden of showing such officer's authority to draw upon corporate funds for private purposes is upon the defendant. [McCullam v. Buckingham Hotel Co., 198 Mo. App. 107, 199 S. W. 417; Reynolds v. Whittemore (Mo.), 190 S. W. 594; St. Charles Sav. Bank v. Edwards, 243 Mo. 553, 147 S. W. 978; St. Louis Charcoal Co. v. Lewis, 154 Mo. App. 548, 136 S. W. 716; Kitchens v. J. H. Teasdale Comm. Co., 105 Mo. App. 463, 79 S. W. 1177.] Furthermore, as has been said in the case of St. Louis Charcoal Co v. Lewis, supra, checks such as are sued on in this case,, which the defendant admits the receipts of in payment of the individual indebtedness of an individual officer of the plaintiff company, and not in payment of any indebtedness of the plaintiff to the defendant, carry upon their face notice of the "irregular and illegal character thereof."

The appellant, however, contends that the court erred in peremptorily instructing the jury to include in its verdict interest on the amounts of the respective checks from the respective dates thereof. This point is not well taken. We are satisfied from the statement of facts which we have made of this case that the court properly directed a verdict for plaintiff on each count (see St. Charles Sav. Bank v. Orthwein Inv. Co., 160 Mo. App. 369, 1. c. 378, 379, 140 S. W. 921) and properly directed the jury to include in its verdict interest on the amounts of the respective checks from their respective dates. Section 7179, Revised Statutes of Missouri, 1909, provides that, ''creditors shall be allowed to receive interest at the rate of six per cent per annum, when no other rate is agreed upon, *for all moneys after they become due and payable* on written contracts,, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.''

This is an action *ex contractu* on the implied promise and obligation of the defendant to pay plaintiff money belonging to it received by the defendant, which money became due and payable immediately upon the receipt thereof by the defendant. Under the statute above quoted, plaintiff ''shall be allowed to receive interest at the rate of six per cent per annum,'' from the date upon which the defendant received the money upon each of the checks.

Holding as we do that plaintiff's cause of action falls within the purview of the provisions of section 7179, Revised Statutes of Missouri, 1909, it is not such a case as falls within that class in which the allowing of interest is discretionary with the jury, but is clearly a case in which plaintiff is entitled to interest as a matter of right.

What we have said above is sufficient to dispose of this appeal. Such other points as have been made have had our full consideration and we find them to be without merit. In our opinion the judgment is for the right party, and finding no prejudicial error in the record it should be and is hereby ordered affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.